HENRY WESTMAN *vs.* HENRY KRUMWEIDE and another.

March 19, 1883.

**Written Contract—Parol Evidence.**—Parol evidence is admissible to show that a contract not under seal, delivered by the maker to the party in whose favor it runs, was not intended to be operative as a contract from its delivery, but only on the happening of some future contingent event, though that be not expressed by its terms.

Appeal by plaintiff from an order of the district court for Le Sueur county, *Macdonald,* J., presiding, refusing a new trial. The case is stated in the opinion.

*T. W. Hammond* and *H. J. Peck*, for appellant, cited *Bank of Hallowell* v. *Baker*, 1 Minn. 205, (261;) *McComb* v. *Thompson*, 2 Minn. 114, (139;) *Levering* v. *Washington*, 3 Minn. 227, (323;) *McClane* v. *White*, 5 Minn. 139, (178;) *Huey* v. *Pinney*, 5 Minn. 246, (310;) *Walters* v. *Armstrong*, 5 Minn. 364, (448;) *Borup* v. *Nininger*, 5 Minn. 417, (523;) *Kern* v. *Von Phul*, 7 Minn. 341, (426;) *Peckham* v. *Gilman*, 7 Minn. 355, (446;) *First Nat. Bank* v. *Nat. Marine Bank*, 20 Minn. 49, (63;) *Barnard* v. *Gaslin*, 23 Minn. 192; *Hone* v. *Woodruff*, 1 Minn. 303, (418;) *Brown* v. *Manning*, 3 Minn. 13, (35;) *Catlin* v. *Fletcher*, 9 Minn. 75, (85;) *Moss* v. *Riddle*, 5 Cranch, 351; *Badcock* v. *Steadman*, 1 Root, (Conn.) 87; *Foley* v. *Cowgill*, 5 Blackf. 18; *State* v. *Chrisman*, 2 Ind. 126; *Madison, etc., Co.* v. *Stevens*, 10 Ind. 1; *Hubble* v. *Murphy*, 1 Duvall, (Ky.) 278; *Wight* v. *Shelby R. Co.*, 16 B. Mon. 5; *Fairbanks* v. *Metcalf*, 8 Mass. 230; *Ward* v. *Lewis*, 4 Pick. 518; *Dawson* v. *Hall*, 2 Mich. 390; *Worrall* v. *Munn*, 5 N. Y. 229; *Lawton* v. *Sager*, 11 Barb. 349; *Arnold* v. *Patrick*, 6 Paige, 310; *Henshaw* v. *Dutton*, 59 Mo. 139; *Blume* v. *Bowman*, 2 Ired. (Law,) 338; *Perry* v. *Patterson*, 5 Humph. (Tenn.) 132; Co. Litt. 36; Bissell on Contracts, § 765.

*W. H. Leeman*, for respondent Heil.

GILFILLAN, C. J.    Action on a note to be paid in chattels, made by defendants Krumweide and Heil, payable to plaintiff.   On its face the note is complete, there being nothing to indicate that any one else was to sign it, or that it was not to take effect as to both makers immediately on delivery.   The defendant Heil alleges as a defence, in substance, that he signed the note as surety; that, at the time of signing, it was agreed between him and plaintiff that the latter should procure to it the signature of one Gehring as a surety, and, unless Gehring signed, it should be null as to Heil; and that the note was delivered to plaintiff for the purpose of getting Gehring's signature; and that Heil was to incur no liability until Gehring should sign, and that he did not sign it.   On the trial Heil offered and was permitted, against plaintiff's objection to its competency, to prove by parol the defence thus alleged.   The competency of such evidence is the only question in the case.

The objection to the evidence is that it is an attempt by parol to

vary the effect of a written contract. The case comes to this: Where a written, unsealed contract is signed and delivered to the proper party, purporting on its face to go into effect at once and absolutely, may it be shown by parol that the parties intended it to be effectual at some other time, or upon the happening of some contingency not expressed in it? May it be shown by parol that the delivery was in the nature of an escrow, to become an actual, effectual delivery on the happening of some future event? As to instruments under seal the authorities are pretty uniform (though there are some to the contrary) to the effect that one cannot be delivered in escrow to the party in whose favor it runs, and that, upon a voluntary delivery to such party by the one executing it, it takes effect absolutely, and parol evidence is inadmissible to show that it was intended to take effect only on the happening of some contingent event, where it is not so expressed by its terms. But the great majority of the cases make a distinction between instruments under seal and those not under seal, holding as to the latter that parol evidence is admissible to show that, notwithstanding the delivery, it was intended by the parties that such an instrument should become operative as a contract only upon the happening of a future contingent event, such as that it should first be executed by some other person. Story on Prom. Notes, § 57, note, (7th Ed.;) *Benton* v. *Martin,* 52 N. Y. 570; *Seymour* v. *Cowing,* 4 Abb. App. Dec. 200; *Watkins* v. *Bowers,* 119 Mass. 383; *Faunce* v. *State Mut. Life Ass. Co.,* 101 Mass. 279; *Sweet* v. *Stevens,* 7 R. I. 375; *Butler* v. *Smith,* 35 Miss. 457; *Goff* v. *Bankston,* Id. 518; *Goddard* v. *Cutts,* 11 Me. 440; *Jordan* v. *Loftin,* 13 Ala. 547; *Pym* v. *Campbell,* 6 El. & Bl. 370; *Davis* v. *Jones,* 17 C. B. 625; *Bell* v. *Ingestre,* 12 Q. B. 317; *Wallis* v. *Littell,* 11 C. B. (N. S.) 369. To the contrary we find only *Henshaw* v. *Dutton,* 59 Mo. 139; *Hubble* v. *Murphy,* 1 Duvall, (Ky.) 278; *Wight* v. *Shelby R. Co.,* 16 B. Mon. 5; *Badcock* v. *Steadman,* 1 Root, (Conn.) 87.

Following the great weight of authorities, we hold the evidence to have been competent.

Order affirmed.