MERCHANTS' EXCHANGE BANK *vs.* HERMAN LUCKOW and others.

December 13, 1887.

Negotiable Instrument—Conditional Delivery—Evidence.—*Westman v. Krumweide*, 30 Minn. 313, to the effect that it is competent to prove that a written instrument, not under seal, but delivered, was to become operative only on the happening of some contingent future event, as upon its being signed by some other person, followed, and applied to a negotiable promissory note.

Same—Bona Fide Holder—Burden of Proof.—*Cummings* v. *Thompson*, 18 Minn. 228, (246,) as to when the *onus* is on the plaintiff suing on negotiable paper to prove that he is a *bona fide* holder, followed.

The plaintiff, as indorsee, brought this action in the district court for Winona county, upon a promissory note, against the maker, the indorsers, and the guarantors of payment. The defendants who were sued as guarantors alone answered, and the issues thus made were tried by *Start*, J., without a jury. Upon the facts found, judgment was directed for the answering defendants. Plaintiff appeals from an order refusing a new trial.

*Tawney & Randall*, for appellant.

*Lloyd Barber*, for respondents.

GILFILLAN, C. J. The facts out of which this action arose, as found by the court below, (and the evidence fully justified the findings,) are that the defendant Luckow signed the note sued upon, payable to Jacob Willaner & Co.; and the other defendants, except Willaner & Co., agreed to guaranty its payment, provided one Matthew Leinekugel and Mrs. Herman Luckow should also join in the guaranty; and under that agreement such other defendants wrote their names on the back of the note, and it was then left with the agent of the payees, Willaner & Co., to procure the signatures of Leinekugel and Mrs. Luckow, with the understanding that when those signatures should be procured, and not before, the guaranty or indorsements of such other defendants should become operative and of force. The signatures of such other persons were never procured. The payees named in it indorsed it to plaintiff, but there was no evidence as to

when it was indorsed, nor as to whether or not plaintiff was a purchaser in good faith, without notice, and for value; for which reason the court found that the plaintiff was not such a purchaser.

It was held in *Westman* v. *Krumweide*, 30 Minn. 313, (15 N. W. Rep. 255,) and *Skaaraas* v. *Finnegan*, 31 Minn. 48, (16 N. W. Rep. 456,) that in case of an instrument not under seal, it is competent to show by parol that, notwithstanding its delivery, it was intended by the parties that it should become operative as a contract only upon the happening of a future contingent event, such as that it should first be executed by some other person. It is claimed that the rule ought not to apply to negotiable paper, but we can see no reason why, as between the original parties, it should not apply to such instruments as well as any other, nor why a transferee with notice, or without valuable consideration, or after maturity, should not take such negotiable paper subject to that defence, as well as to any other.

The effect of the facts found is that the alleged contract upon which the defendants, other than Luckow and Willaner & Co., are sued, never became operative, never was their contract, and the delivery of it to the payees by their agent, and the use made of it by the payees in transferring it as an operative contract, was in law a fraud upon the defendants. This being so, the rule laid down in *Cummings* v. *Thompson*, 18 Minn. 228, (246,)—that "when negotiable paper has been stolen or lost, or obtained by duress, or procured or put in circulation by fraud, proof of these circumstances may be given against the plaintiff; and, on such proof being given, it is incumbent on the plaintiff to show himself to be a holder *bona fide,* and for a valuable consideration; otherwise he is considered as standing in no better situation than the former holder in whose hands the instrument received the taint,"—must apply. The *onus* was on the plaintiff to show that it was exempt from the defence. As it did not do so, it must fail.

Order affirmed.