WINSLOW BROTHERS COMPANY *vs.* HERZOG MANUFACTURING COMPANY.

July 1, 1891.

**Parol Evidence to Vary Written Contract.** — *Held,* that certain testimony should have been excluded or stricken out as being parol contemporaneous evidence, varying a written contract.

**Error without Prejudice.**—*Also* that, the plaintiff being entitled to have a verdict in his favor directed by the court, the errors assigned by the defendant were without prejudice.

Appeal by defendant from an order of the district court for Hennepin county, *Hooker, J.,* presiding, refusing a new trial after verdict of $1,119.72 for plaintiff.

*James A. Kellogg,* for appellant.

*Spooner & Taylor,* for respondent.

MITCHELL, J. The defendant, having a contract to furnish the elevator front, sides, and railing for the Masonic Temple, in Minneapolis, and desiring to sublet the work, sent to plaintiff the plan and elevation of the same, and requested it to make a bid for the work complete, to the satisfaction of the architect. Accompanying the plan and elevation, defendant sent measurements, purporting to show the quantity of the work required, but expressly stated that, as these measurements were taken from the plans of the building, they were not exact, and that the parties who did the work would be required to take their own measurements. This amounted to express notice that the bid was to be made and the work done according to the plan and elevation, and that, while these approximate estimates or measurements of the amount of the work were sent along for such use as bidders might see fit to make of them, yet they must verify them for themselves from the building. *St. Paul & N. P. Ry. Co.* v. *Bradbury,* 42 Minn. 222, (44 N. W. Rep. 1.) The plaintiff, in response to this invitation, sent to defendant a written proposal, offering to do the work for the round sum of $2,040. The representative of the defendant thereupon went to Chicago, taking this proposal with him; and, upon a personal interview with the representative of the plaintiff, closed the contract by a written acceptance of plaintiff's bid. This

action having been brought to recover the balance due on the contract price, and also a small bill for extra work, the defendant interposed (1) a counterclaim, and (2) a partial defence. The jury found against the defendant on both, and rendered a verdict in favor of the plaintiff for the full amount claimed in the complaint.

Nothing need be said regarding the counterclaim. The evidence abundantly justified the verdict in that regard, and none of defendant's assignments of error bearing upon that branch of the case are of sufficient importance to require special mention.

The principal contention is over the partial defence. The defendant admits the making of the written contract, and does not deny but that plaintiff did the work according to the plan and elevation, and to the satisfaction of the architect; but its claim is that there was a verbal agreement that, if the amount of work required for the job did not amount to as many square feet as shown by the estimates or measurements referred to, there should be deducted from the contract price a certain sum per square foot for all that it fell short of that amount. It is, of course, evident that this amounted to a variation of the written contract. The evidence introduced in behalf of defendant shows that this oral agreement, if made at all, was made at the same time, and at the same interview with plaintiff's representative, at which the written contract was entered into. Herzog, who acted in behalf of the defendant, testified that "it was all done at the same time before I left his [Winslow's] office." "It was all in his office and all done at the same time, and all the talk we had was during that one interview, at the time the acceptance was signed." Also, "I never had but one interview with him, [Winslow,] and at the time the contract was closed." The plaintiff objected to the introduction of the evidence as to the alleged oral agreement, and also moved to strike it out; but the trial court overruled the objection, and allowed the evidence to stand. This was manifestly error. The evidence was clearly inadmissible, under the very familiar rule that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument." Herzog had testified that while at Winslow's office, on the occasion referred to, he made a pencil memorandum of this oral agreement; and his counsel, probably

with a view of taking the case out of the rule referred to, asked him whether it was before or after the acceptance of plaintiff's bid that he made this memorandum, to which he answered, "Subsequently;" but adding, "It was all done at the same time, before I left his office." But it was wholly immaterial when he made this memorandum. It is very clear that the evidence admitted should have been excluded as relating to oral negotiations which either preceded or were contemporaneous with the execution of the written contract. Indeed, even had the alleged oral arrangement been subsequent to the execution of the written contract, it would have been a mere nude pact, because having no consideration to support it. Of course, oral evidence is always admissible to prove a *new and distinct agreement*, upon a *new consideration*, as a substitute for, or a modification of, a previous written one, provided such oral agreement is not invalid, under the statute of frauds or otherwise; but the evidence here entirely failed to make out any such a case. The court ought to have excluded the evidence, and directed a verdict for the plaintiff. The plaintiff being entitled, as a matter of law, to such a direction, it becomes entirely immaterial what errors the court may have committed.

Order affirmed.