EDWARD B. SMITH *et al. vs.* LATHROP MUSSETTER.

Argued June 21, 1894. Reversed July 10, 1894.

No. 8836.

**An Answer construed.**

An answer construed as alleging that the delivery to the payee of a note sued on was only conditional, to take effect as a contract only on the happening of a future, contingent event.

**Parol evidence to show written contract conditionally delivered.**

*Westman* v. *Krumweide,* 30 Minn. 314, followed to the effect that parol evidence is admissible to prove such an agreement.

Appeal by defendant, Lathrop Mussetter, from an order of the District Court of Ramsey County, *John W. Willis,* J., made January 18, 1894, striking out his answer as sham and frivolous.

On January 16, 1893, defendant made and delivered his note to plaintiffs, Edward B. Smith, John J. Parker and Victor C. Gilman, whereby he promised to pay them on September 1 then next $2,105 and interest at six per cent. a year. The note was not paid, and this action was to collect the contents. Defendant answered admitting that he made the note, but denied that he delivered it. He also alleged in substance that Charles F. Dickerman proposed to

build a business block in St. Paul and lease it to defendant for a term of years. Defendant was to obtain two responsible sureties for the payment of the rent. To secure these sureties defendant was to insure his life for $50,000 payable to them in case of his death. Plaintiffs were insurance agents and defendant applied to them for such life insurance, and stated to them the whole matter, and left with them the note in suit for the premium. They obtained for defendant the policies of life insurance on his life for the $50,000, but Dickerman failed to fulfil on his part. The lease was never made and defendant tendered back the policies and demanded his note. The note and the policies were to become valid contracts if Dickerman performed on his part and the sureties engaged for the rent, and not on any other condition. Plaintiffs moved the court to strike out the answer as sham and irrelevant on the ground that if true the agreements were contemporaneous oral conditions, which could not be proved to annul the written contract. The court granted the motion and defendant appeals.

*Edmund S. Durment,* for appellant.

A note may be delivered conditionally to a person who is to have the proceeds if it eventually becomes an obligation. There can be no validity to a promissory note until it has been delivered absolutely and without condition, with the intent that it shall take effect as a promissory note. Testimony to show such conditional delivery does not tend to vary the terms of a written agreement. It tends simply to show that there never was any such agreement as that alleged in the complaint, that there was no delivery of the note. Parol testimony is admissible for that purpose. *Healey* v. *Young,* 21 Minn. 389; *Westman* v. *Krumweide,* 30 Minn. 313; *Merchants' Exch. Bank* v. *Luckow,* 37 Minn. 542; *Skaaraas* v. *Finnegan,* 31 Minn. 51; *Gammon* v. *Ganfield,* 42 Minn. 368.

It is not necessary that the delivery should be to a third person to hold in escrow as in the case of sealed instruments. *Merchants' Exch. Bank* v. *Luckow,* 37 Minn. 542; *Westman* v. *Krumweide,* 30 Minn. 313; *Benton* v. *Martin,* 52 N. Y. 570; *Bookstaver* v. *Jayne,* 60 N. Y. 150; *Watkins* v. *Bowers,* 119 Mass. 383; *Sweet* v. *Stevens,* 7 R. I. 375.

*Horace G. Stone,* for respondents.

Parol evidence is not admissible in this case to show that the note was delivered to plaintiffs on an agreement that it should not take effect until defendant made a lease with some third person, or that the note was not to be paid unless defendant made some deal in the future with some third person. The defendant admits in substance that he bought a policy of insurance from the plaintiffs, and received the policy, and gave his note therefor, and kept the policy, and was insured for a long time, and then a day or two before the note for the premium became due he tendered back the policy and demanded the cancellation of his note on the ground that it was agreed that the note and policy were to be void if he failed to lease of Dickerman. *Curtice* v. *Hokanson,* 38 Minn. 510; *C. Aultman & Co.* v. *Brown,* 39 Minn. 323; *Harrison* v. *Morrison,* 39 Minn. 319; *Davy* v. *Kelley,* 66 Wis. 452; *Perry* v. *Bigelow,* 128 Mass. 129; *Cummings* v. *Kent,* 44 Ohio St. 92; *Farmer* v. *Perry,* 70 Ia. 358.

MITCHELL, J. Appeal from an order striking out an answer as sham and frivolous.

Of course, no rule is more elementary than that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.

But the rule is almost equally well settled that parol evidence may be given to prove the existence of any separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instrument. This is not to vary a written instrument, but to prove that no contract was ever made,—that its obligation never commenced. In *Westman* v. *Krumweide,* 30 Minn. 314, (15 N. W. 255) (followed in subsequent cases), we held, in deference to the great weight of authority, that under this rule, where an unsealed written instrument is signed, and delivered to the proper party, parol evidence is admissible to show that notwithstanding such delivery the agreement of the parties was that such instrument should become operative as a contract only upon the happening of a future, contingent event. The dangers from this rule, and the consequent caution that should be exercised in considering a defense of this nature, were adverted to in *Minneapolis Threshing Ma-*

*chine Co.* v. *Davis,* 40 Minn. 110, (41 N. W. 1026,) but the rule is now too firmly established in the law to be changed.

The principal question on this appeal is whether the answer set up an agreement (shown by affidavit to have been oral) that the note sued on should become operative as a contract only on the happening of a future, contingent event; or a parol condition, not expressed in the instrument, attached to the obligation of the contract. In other words, whether it means that the happening of the future contingent event was to be a condition precedent to the note becoming operative at all as a contract, or whether it means that the obligation of the contract was not absolute, according to its terms, but only conditional. The answer is not a model pleading, but, taking it as a whole, we are of the opinion that what the pleader intended was to allege that the delivery of the note was only conditional, and that it was to become operative as a contract only on the happening of a future, contingent event.

The interposition of a sham pleading always involves a certain element of bad faith, and to strike out a pleading as sham is a somewhat summary remedy. Therefore, although this answer might have been subject to a motion to make it more definite and certain, yet if it will reasonably admit of being construed as alleging, although inartistically, a valid defense, it ought not to have been stricken out as sham. For this reason the order appealed from must be reversed, but, as we do not think such loose pleading should be encouraged, no statutory costs will be allowed to the appellant.

Order reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 995.)