### J. J. MENDENHALL v. HENRY ULRICH.[1]

January 13, 1905.

Nos. 14,178—(184).

**Promissory Note—Fraud.**

Action on a promissory note by an indorsee thereof. The answer alleged an oral agreement to the effect that the note should become operative as a contract only on the happening of a future event, which never occurred, and that the note was put in circulation by fraud.

**Burden of Proof.**

Held, that the answer stated a defense; that, after evidence had been given tending to show that the note was put in circulation by fraud, the

[1] Reported in 101 N. W. 1057.

burden was on the plaintiff to show that he was a bona fide holder thereof without notice; and, further, that the trial court did not err in its rulings as to the admission of evidence, nor in refusing to direct a verdict for the plaintiff.

Appeal by plaintiff from an order of the district court for McLeod county, Cadwell, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of defendant. Affirmed.

*R. H. McClelland,* for appellant.

*Sam G. Anderson, Jr.,* and *C. G. Odquist,* for respondent.

START, C. J.

Action on a promissory note. Verdict for defendant. The plaintiff appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. The assignments of error challenge the correctness of the rulings of the trial court as to the admission of evidence, and of its action in refusing to direct a verdict for the plaintiff.

A brief statement of the pleadings is necessary to an understanding of the plaintiff's contention. The complaint alleged that on August 1, 1900, the defendant made his promissory note dated on that day, and thereby promised, for value received, to pay to the order of himself $173.73 six months after date, and on that date, for value received, he indorsed and delivered the note to E. E. Mendenhall; and, further, that before maturity such indorsee sold and indorsed it for value to plaintiff.

The answer admitted that the defendant signed and indorsed the note, but denied that it ever was delivered to E. E. Mendenhall, or to any one else, and alleged that it was given to him to be left at a designated bank under an agreement to the effect following: That Mendenhall should procure the issuance of a life insurance policy by an insurance company, which he claimed to represent, upon the life of the defendant, and send it to the bank for the inspection of the defendant; that the defendant should sign the note, which was for two years' premium on the policy, and that it should be left by Mendenhall at the bank until the policy should be received, when the defendant was to have the option of accepting or rejecting the policy; that, in case he rejected it, the note should be of no force or effect whatever, and should at once be returned to him; that, relying on the agreement, he signed the note, and handed

it to Mendenhall; that a policy of insurance was offered to the defendant, which he refused to accept; and, further, that the note was never left at the bank or returned to him. The answer also denied that the note was ever sold or indorsed to the plaintiff before its maturity or otherwise, or in the regular course of business, and alleged that the transfer of the note, if made at all, was made in bad faith, without consideration, for the purpose of defrauding defendant of his rights under the agreement, "as plaintiff then and there well knew."

The reply put in issue the new matter alleged in the answer.

On the trial the plaintiff produced the note, introduced it in evidence, with the indorsements on the back thereof, and rested his case. The defendant was called as a witness in his own behalf. The plaintiff objected to his testimony on the ground that the answer did not allege any defense, for the reason that it alleges only an oral agreement to vary the terms of a written contract. The objection was overruled, and the defendant, over the objection and exception of the plaintiff, gave evidence tending to establish the agreement alleged in his answer. If the answer simply alleges, as plaintiff claims, an oral agreement varying the terms of a written contract which had become effective by an unconditional delivery thereof, it does not state a defense to the note. If, however, the answer alleges an oral agreement to the effect that the note should become operative as a contract only on the happening of a future contingent event, it states a defense.

It is well settled by the repeated decisions of this court that parol evidence is admissible to show that a written contract given by the maker to the party in whose favor it was drawn was not intended to be operative as a contract from its delivery, but only on the happening of some future event. Westman v. Krumweide, 30 Minn. 313, 15 N. W. 255; Merchants Exch. Bank v. Luckow, 37 Minn. 542, 35 N. W. 434; McCormick Harvesting Machine Co. v. Wilson, 39 Minn. 467, 40 N. W. 571; Minneapolis Threshing Machine Co. v. Davis, 40 Minn. 110, 41 N. W. 1026; Smith v. Mussetter, 58 Minn. 159, 59 N. W. 995. The answer states a defense within this rule, for it denies that the note was ever delivered, and alleges, in effect, that it was intrusted to E. E. Mendenhall to be left in the bank until the defendant exercised his option as to the insurance policy, and, if he rejected it, the note was to be returned to him.

The plaintiff here makes the further objection to the answer that it does not charge that the plaintiff was not a bona fide purchaser for value of the note before maturity. No such objection was made in the trial court. The answer then must be construed, as to this last objection, with great liberality, and we hold that it tenders an issue as to whether the plaintiff was a bona fide indorsee of the note for value. It follows that the trial court did not err in overruling the plaintiff's objections to the admission of the defendant's evidence.

This leaves the question whether the court erred in refusing to direct a verdict for the plaintiff. It is claimed by the plaintiff that upon the pleadings and the undisputed evidence the plaintiff was entitled, as a matter of law, to a verdict for the amount of the note; hence the refusal of the court to direct such a verdict was error. We have disposed of the questions raised on the pleadings. The evidence is sufficient to sustain a finding by the jury that the agreement as to the note alleged in the answer was made, but the defense pleaded by the defendant would not be available against a bona fide purchaser for value of the note without notice, and before maturity.

It is urged on behalf of the plaintiff that there is no evidence to support a finding that he was not such a purchaser. The defendant's evidence tended to show that E. E. Mendenhall fraudulently put the note in circulation, instead of placing it in the bank, in accordance with the agreement alleged in the answer. This shifted the burden upon the plaintiff to show not only that he purchased the note for value, but that he did so in good faith, without notice or knowledge of the fraud. Cummings v. Thompson, 18 Minn. 228 (246); Merchants Exch. Bank v. Luckow, supra; Bank of Montreal v. Richter, 55 Minn. 362, 57 N. W. 61; Wallace v. Carpenter Ele. H. Mnfg. Co., 70 Minn. 321, 73 N. W. 189. The only evidence offered by the plaintiff tending to show that he was a bona fide purchaser without notice was the testimony of his brother, E. E. Mendenhall, who testified that he kept the note for about five months; then in the month of January, 1901, he sold it to the plaintiff for its face value. The plaintiff, however, did not testify upon the subject. Clearly, the question whether he purchased the note without notice was left by the evidence one of fact for the jury. Merchants Exch. Bank v. Luckow, supra; Drew v. Wheelihan, 75 Minn. 68, 77 N. W. 558.

It is further claimed that the defendant had no right to reject the policy unless it was shown that he had some good reason for so doing. Such would not be the case if he had, as he substantially testified, the right or option to reject the policy if he was not perfectly satisfied with the deal. The trial court rightfully refused to direct a verdict for the plaintiff.

Order affirmed.