# SAMUEL H. CHUTE COMPANY v. FRANK F. LATTA.[1]

September 26, 1913.

Nos. 18,161—(243).

**Agreement to assume lease — contemporaneous oral agreement.**

1. This action is brought on a written agreement by the assignee of a lease to assume its obligations. The defense was that there was a contemporaneous oral agreement that, if defendant should assign the lease to a certain corporation to be formed, his agreement should become inoperative.

**Agreement in writing — presumption.**

2. Where, in the absence of fraud, accident or mistake, the parties have deliberately put their contract into writing, which is complete in itself, and couched in such language as imports a complete legal obligation, it is conclusively presumed that they have introduced into the written instrument all material terms and circumstances relating thereto.

**Written agreement — complete or incomplete — parol evidence.**

3. Where only part of the agreement is reduced to writing, it is competent to prove by parol any separate oral agreement on which the document is silent and which is not inconsistent with its terms. The criterion of the completeness of the writing is the writing itself, construed in the light of the circumstances under which, and the purpose for which, the writing was executed. It is not competent to lay the foundation for such oral evidence by oral testimony that only part of the agreement was reduced to writing and then to prove by parol the part omitted. Tested by these rules the written contract in this case cannot be held incomplete.

**Collateral agreement — evidence admissible, when.**

4. Proof is admissible of a collateral parol agreement, or of any independent fact, which is not inconsistent with, or does not qualify, any of the terms of the written contract, but the alleged oral stipulation relied upon in this case was not collateral to or independent of the main contract.

**Written agreement — parol evidence.**

5. In case of simple contracts it is competent to prove by parol a stipulation that the writing, though delivered, should not become operative as a contract until the happening of a contingency or the performance of a condition, and to show that by reason thereof the writing never in fact became operative as a contract at all. But where a written contract, abso-

[1] Reported in 142 N. W. 1048.

lute in its terms, becomes effective, it is not competent to prove by parol that its obligation was intended to be conditional or contingent.

Action in the district court for Hennepin county to recover $250 rent of leased premises for the months of March and April, 1912. The answer set up an agreement with plaintiff that, when a corporation should be organized for the purpose of conducting the business of exhibiting moving pictures on the leased premises, defendant might assign to it the lease in question, and that such assignment should release him from all further liability, and further alleged the assignment of the lease to the Cozy Photo Play Company and the acceptance of the assignment by plaintiff. The case was tried before Hale, J., who directed a verdict for the full amount demanded. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Lancaster, Simpson & Purdy,* for appellant.

*Keith, Evans, Thompson & Fairchild,* for respondent.

HALLAM, J.

1. Plaintiff leased certain premises to one Dahlquist. Later, by a written agreement in which plaintiff, defendant and Dahlquist joined, Dahlquist assigned the lease to defendant, defendant assumed all obligations of the lessee thereunder, and plaintiff consented to the assignment. This action is brought to recover two instalments of rent due upon the lease so assigned. The defense is that there was a concurrent verbal agreement that the written contract should be no longer operative, in the event defendant should form a corporation known as the Cozy Photo Play Company, and should assign the lease to such corporation when formed. It is claimed that this corporation was organized and the assignment made. The one question in the case is: Was it competent for defendant to prove a verbal agreement that the written contract should not be enforced in the contingency mentioned? We hold that it was not.

2. These parties reduced their agreement to writing. "All the authorities are substantially agreed that where, in the absence of fraud, accident, or mistake, the parties have deliberately put their contract

into a writing which is complete in itself, and couched in such language as imports a complete legal obligation, it is conclusively presumed that they have introduced into the written instrument all material terms and circumstances relating thereto." Wheaton Roller-Mill Co. v. John T. Noye Mnfg. Co. 66 Minn. 156, 159, 68 N. W. 854, 855.

3. It is contended that the written agreement in this case embodied only part of the agreement of the parties, and that it was executed to partially carry out a prior verbal agreement.

It is true that, where a part only of the agreement between the parties is reduced to writing, it is competent to prove by parol the existence of any separate oral agreement as to any matter on which the document is silent, and which is not inconsistent with its terms. Phoenix Pub. Co. v. Riverside Clothing Co. 54 Minn. 205, 206, 55 N. W. 912. But this agreement was not incomplete. The criterion of the completeness or incompleteness of the writing is the writing itself. We do not mean that the court is limited to a mere inspection of the document. As in other cases of doubtful construction, the court is at liberty to view the circumstances under which, and the purpose for which, the writing was executed. Where the writing, construed in the light of such circumstances, shows that it was not meant to contain the whole bargain between the parties, then parol evidence is admissible to prove a term upon which the writing is silent, and which is not inconsistent with what is written; but, if it shows that the writing was meant to contain the whole bargain between the parties, no parol evidence can be permitted to introduce a term which does not appear there. Wheaton Roller-Mill Co. v. John T. Noye Mnfg. Co. 66 Minn. 156, 160, 68 N. W. 854; Potter v. Easton, 82 Minn. 247, 250, 84 N. W. 1011.

Tested by this rule it cannot be held that the written contract is incomplete. By its terms it makes the obligation to pay absolute. There are no surrounding circumstances that place the contract in any different light. The proof of surrounding circumstances that defendant introduced was simply proof that the contract made was different from the terms of the written instrument. Such evidence is not permissible. To allow a party to lay the foundation for such

parol evidence by oral testimony that only part of the agreement was reduced to writing, and then prove by parol the part omitted, would be to work in a circle and to permit the very evil which the rule was designed to prevent. Thompson v. Libby, 34 Minn. 374, 377, 26 N. W. 1; Wheaton Roller-Mill Co. v. John T. Noye Mnfg. Co. 66 Minn. 156, 68 N. W. 854; 17 Cyc. 716, 717.

4. It is contended that the alleged parol stipulation was a contract collateral to the written agreement sued on, and that on that ground it was proper to prove it.

It is true that proof is admissible of any collateral parol agreement, or of any independent fact, which is not inconsistent with, or does not qualify, any of the terms of the written contract, even though it may relate to the same subject-matter. Backus v. Sternberg, 59 Minn. 403, 61 N. W. 335; H. H. King & Co. v. Dahl, 82 Minn. 240, 84 N. W. 737. But the alleged oral stipulation, which defendant attempted to prove in this case, was in no sense collateral to or independent of the main contract. The alleged oral stipulation provided that the obligation shall be conditional, and provided for nothing else. The particular element of the alleged intrinsic evidence is accordingly dealt with in the writing. Defendant simply attempted to prove that it was verbally stipulated as an integral part of the negotiation that the obligation, which by the terms of the writing was absolute, should in fact be conditional. This he cannot do.

5. It is further contended that it was proper for defendant to prove a contemporaneous verbal agreement that he should be relieved from his written contract on the occurrence of a future contingent event, or upon compliance with a future condition.

It is true that, in case of a simple contract in writing, it is competent to show by parol that, notwithstanding its delivery, the parties intended that it should be operative as a contract only upon the happening of a future contingent event, or the performance of a condition, such as that it should first be executed by some other person. Merchants' Exchange Bank v. Luckow, 37 Minn. 542, 35 N. W. 434; Westman v. Krumweide, 30 Minn. 313, 15 N. W 255; Skaaraas v. Finnegan, 31 Minn. 48, 16 N. W. 456; Smith v. Mus-

setter, 58 Minn. 159, 59 N. W. 995; Mendenhall v. Ulrich, 94 Minn. 100, 101 N. W. 1057. Such evidence tends to prove a condition precedent to the attachment of any obligation under the written instrument. This is not to vary a written instrument, but to prove that no contract was ever made—that its obligation never commenced. Smith v. Mussetter, 58 Minn. 159, 59 N. W. 995. But the verbal stipulation alleged in this case was not a condition precedent. The obligation of defendant unquestionably took effect as a completed contract.

Defendant contends that it is equally proper to prove a parol agreement that upon the performance of a *subsequent* condition, or the happening of a *subsequent* contingency, the obligation of the contract should cease to be operative. Defendant's contention is not without authority to sustain it. There are some decisions that so hold. But we believe this is not the prevailing rule, and in our opinion it is not the correct rule. See 17 Cyc. 641–643, and cases cited.

There is a radical difference between a conditional delivery, which is not to become complete and effective until the happening of some condition precedent, and a complete delivery which is sought to be defeated by subsequent contingencies that may or may not arise. In the one case there is no contract until the condition has been complied with. In the other there is a binding contract notwithstanding the happening of the contingency relied upon to defeat it. Jamestown v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. 740. The very essence of an obligation is its validity and enforcement. Hence an oral agreement, alleged to have been a part of the transaction, that the obligation should not be binding, can never be permitted to be shown, for the writing necessarily determines that very subject to the contrary. An extrinsic oral agreement providing a condition qualifying the operation of a written obligation is ineffective, for an obligation absolute is plainly exclusive of a condition. 4 Wigmore, Evidence, § 2435.

We conceive the correct rule to be that, where a written contract is made and delivered, and nothing remains to complete its execution, parol evidence is inadmissible to prove an understanding that

it should not be operative according to its terms (McCormick Harvesting-Machine Co. v. Wilson, 39 Minn. 467, 469, 40 N. W. 571), and that evidence that it is to have an effect different from that stated therein, upon certain conditions or contingencies, does vary or contradict the terms of the writing. 17 Cyc. 641–643.

We regard this rule as established by previous decisions in this state. As early as 1888 it was said by Mitchell, J., in Curtice v. Hokanson, 38 Minn. 510, 38 N. W. 694: "It ought to be settled by this time that parol evidence is inadmissible to show that an absolute agreement for the payment of money * * * was only to be performed in a certain event. Such evidence was very properly excluded by the court."

In Harrison v. Morrison, 39 Minn. 319, 40 N. W. 66, a defense was interposed to a promissory note that there was an oral agreement, annexed as a condition to its payment, that if the defendant should be forced to make an assignment for the benefit of his creditors, (which he was), the plaintiffs should file their claims on the note with the assignee, as provided by the statute, and execute and file with the clerk of the court a full release to the defendant of all claims, other than such as might be paid by the assignee under the provisions of the statute. This was held inadmissible. The court said: "By their terms the defendant promised to pay absolutely the full amount of the notes at the dates therein named. The proposed parol evidence had no tendency to prove either a want or failure of consideration, but merely to show that a condition was annexed to the manner of payment, and amount to be paid, different from that expressed in the notes. The notes on their face purport to be a complete expression of the whole agreement of the parties, and it must be conclusively presumed that they have introduced into them every material term of the contract. It is not a case where the agreement was oral, and the writings executed in performance of part of the agreement, leaving another and separate part of it still wholly in parol, as in Healy v. Young, 21 Minn. 389. Neither is it a case of a separate collateral agreement upon a matter distinct from that to which the writings relate, and upon which they are

silent. On the contrary, the oral agreement relates to the very matter covered by the writings, and is inconsistent with their express terms." See also Winslow Bros. Co. v. Herzog Mnfg. Co. 46 Minn. 452, 49 N. W. 234; Northern Trust Co. v. Hiltgen, 62 Minn. 361, 64 N. W. 909; Masonic Temple Assn. v. Channell, 43 Minn. 353, 45 N. W. 716; Mendenhall v. Ulrich, 94 Minn. 100, 101 N. W. 1057.

Defendant relies much on the case of Germania Bank of Minneapolis v. Osborne, 81 Minn. 272, 83 N. W. 1084. This decision is not controlling here. That was an action on a promissory note. Defendant offered to prove that the plaintiff, in order to induce defendant to purchase four shares of its stock so that he might become a director, agreed with defendant that if he would do so it would take his note for the purchase price, that at any time defendant should cease to be a director of the bank or should desire to return, surrender or resell his stock to the bank, it would repurchase the same at the price paid by defendant, by surrendering the note. It was held that the transaction was a sale coupled with a right or privilege of return, that the note expressed only the method of payment for the stock in case the maker did not exercise the option to return it. The note was not itself the contract, but was simply executed and delivered as a result of the contract. It was but part of the negotiation, and proof of the whole transaction was held competent. See also McNaughton v. Wahl, 99 Minn. 92, 96, 108 N. W. 467, 116 Am. St. 389.

Order affirmed.