## S. F. BOWSER & COMPANY v. P. F. FOUNTAIN and Another.[1]

### January 15, 1915.

### Nos. 18,913—(147).

**Order for goods — parol evidence.**
1. Where a written order for goods is given, it is competent to prove that at the time of delivery of the order the parties agreed that it should become operative only upon the happening of a contingency or the performance of a condition.

**Offer and acceptance.**
2. An offer to buy which requires acceptance must be accepted within a reasonable time. Where it is understood that the goods to be bought are wanted within two weeks, evidence that an offer to buy was not accepted until 30 days after it was made, sustains a finding that acceptance was not within a reasonable time.

**Custom — notice to customer.**
3. A custom of business houses to take at least 10 days to investigate the credit of a new customer, could not bind the defendants in the absence of proof that they had knowledge of the custom, or that it had become so general, long-established and notorious that they must be presumed to have knowledge of it.

Action in the district court for Clay county to recover $162 for goods sold and delivered. The case was tried before Nye, J., and a jury which returned a verdict in favor of defendants. From an

[1] Reported in 150 N. W. 795.

order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, it appealed.    Affirmed.

*Edgar E. Sharp,* for appellant.

*W. George Hammett,* for respondent.

HALLAM, J.

Plaintiff is located at Fort Wayne, Indiana.   Defendants deal in automobile supplies at Hawley, Minnesota.   On May 30, 1912, plaintiff's traveling salesman called upon defendants at Hawley and took their written order for a gasolene storage outfit.   The order was, by its terms, subject to acceptance at Fort Wayne, Indiana.   No time was specified in the writing either for its acceptance or for the shipment of the goods.   Defendants' evidence is to the effect that the order was never accepted, save that shipment of the goods was made and invoices mailed to defendants June 28.   The goods arrived at Hawley July 16.   Defendants refused to receive them and plaintiff brought this action for goods sold.   Defendants made two defenses: First, that the order was given upon a condition which was never performed, or a contingency that never happened; and, second, that in no event was the order accepted within a reasonable time.   The court submitted both issues to the jury.   The jury found for the defendants.   Plaintiff moved in the alternative for judgment or for a new trial.   Both motions were denied, and plaintiff appeals.

1. Whether this order, taken in connection with words or acts constituting an acceptance, was intended to form a complete contract between the parties, we need not determine.   Under the decisions on this subject, which are collected in McLoone v. Brusch, 119 Minn. 286, 138 N. W. 35, this proposition may not be free from doubt. We may assume, however, that such was the intention of the parties.

It is an elementary proposition "that where, in the absence of fraud, accident or mistake, the parties have deliberately put their contract into a writing which is complete in itself, and couched in such langague as imports a complete legal obligation, it is conclusively presumed that they have introduced into the written instrument all material terms and circumstances relating thereto."

Wheaton Roller-Mill Co. v. John T. Noye Mnfg. Co. 66 Minn. 156, 159, 68 N. W. 854, 855.

It is also well settled that "where a contract is silent as to the time of performance, the law implies that it is to be performed within a reasonable time; and, if the contract be in writing, parol evidence of an antecedent or contemporaneous oral agreement is inadmissible to vary the construction to be thus legally implied from the writing itself." Liljengren F. & L. Co. v. Mead, 42 Minn. 420, 424, 44 N. W. 306, 308.

Another rule equally well settled, however, is that, in case of a simple contract in writing, it is competent to show by parol that, notwithstanding the delivery of the writing, the parties intended and agreed that it should be operative as a contract only upon the happening of a future contingent event, or the performance of a condition. Westman v. Krumweide, 30 Minn. 313, 15 N. W. 255; Merchants Exchange Bank v. Luckow, 37 Minn. 542, 35 N. W. 434; Smith v. Mussetter, 58 Minn. 159, 59 N. W. 995; Mendenhall v. Ulrich, 94 Minn. 100, 101 N. W. 1057; Samuel H. Chute Co. v. Latta, 123 Minn. 69, 142 N. W. 1048. The purpose and effect of such evidence is to prove a condition precedent to the attachment of any obligation under the written instrument. This is not to vary the written instrument, but to prove that no contract was ever made, that its obligation never commenced. Smith v. Mussetter, 58 Minn. 159, 59 N. W. 995. This doctrine is not inconsistent with Liljengren F. & L. Co. v. Mead, supra, for the evidence there considered did vary the implied terms of the contract. Neither is Graham v. Savage, 110 Minn. 510, 126 N. W. 394, 136 Am. St. 527, 9 Ann. Cas. 1022, inconsistent with the doctrine above stated. In that case the court simply held that parol evidence is not admissible to show that a writing which purports to be a complete written contract is not to be observed according to its terms, but is in fact a sham, designed to be used merely for the purpose of deceit and fraud.

We come now to the question whether there is in this case evidence, to submit to the jury, of an agreement that the delivery of the order was conditional, and that it should become operative only on the happening of a contingency or the performance of a condi-

tion. We think there is. The testimony of the defendants was to the effect that plaintiff's salesman was advised that defendants wanted the outfit for the installation in a garage then under construction; that they wanted it delivered before the floor of the garage was in, and for that reason wanted it within two weeks time; that the salesman did not know whether he could make delivery within that time or not. He said he could do so if he could get the outfit in Minneapolis, but that, if it became necessary to ship from Fort Wayne, it would be impossible to do so, and that defendants then gave the written order "on condition * * * that if he could deliver the goods in two weeks time, or thereabouts, it would be a deal; otherwise it would be thrown out." We think this evidence was sufficient to sustain a finding that the delivery of the order was conditional upon ascertainment of the fact that the goods could be delivered in two weeks or thereabouts.

The defense above considered if established was sufficient to sustain the verdict for defendant, but inasmuch as the court submitted both defenses to the jury, and the jury returned only a general verdict for defendant, it is impossible to determine whether the jury found this defense, or the other one, established. It is accordingly necessary to consider the sufficiency of the second defense.

2. The second defense was that, independent of this verbal understanding, the offer was not accepted within a reasonable time. It is elementary that an offer such as this, which requires acceptance by the other party to the negotiation, must be accepted within a reasonable time. Stone v. Harmon, 31 Minn. 512, 19 N. W. 88; Reid v. Northwestern I. & W. Co. 79 Minn. 369, 82 N. W. 672. Defendants' evidence is that this was not accepted until about 30 days after it was given, and then only by shipment of the goods and mailing of an invoice. The order in this case by its terms called for an acceptance, and, under the circumstances disclosed by the evidence, the jury might find that it was not accepted within a reasonable time.

3. Plaintiff complains that the court sustained objections to evidence offered by it that the time usually required by a mercantile

establishment to investigate the credit of a firm with whom they have not previously done business is from 10 days to four weeks.

Plaintiff was allowed to prove that it took in this case two weeks to obtain the usual credit information in reference to defendants, that the investigation was made through the usual channels and in the way usually followed by plaintiff. Proof of a custom among commercial houses to require for such investigation a length of time varying all the way from 10 days to four weeks could hardly be said to establish any custom at all, unless it be a custom to require at least 10 days for that purpose. Such a custom, if binding on the defendants, might be of some value as evidence in this case. But under well settled rules the custom of business houses could not bind these defendants in the absence of proof that they had knowledge of the custom, or that it had become so general, long established, and notorious that they must be presumed to have knowledge of it. Nippolt v. Firemen's Ins. Co. of Chicago, 57 Minn. 275, 59 N. W. 191; Earl Fruit Co. v. Thurston Cold-Storage & Warehouse Co. 60 Minn. 351, 62 N. W. 439. There is no proof or offer of proof of any such facts in this case. The objection to this testimony was properly sustained.

Order affirmed.

PHILIP E. BROWN, J. (dissenting).

I dissent from the application to the facts of this case of the doctrine announced in Westman v. Krumweide, 30 Minn. 313, 15 N. W. 255; Merchants Exch. Bank v. Luckow, 37 Minn. 542, 35 N. W. 434, and similar cases, the dangerous character of which is adverted to by Mr. Justice Mitchell in Minneapolis Threshing Mach. Co. v. Davis, 40 Minn. 110, 115, 41 N. W. 1026, 3 L.R.A. 796, 12 Am. St. 743, and by Mr. Justice Jaggard in Graham v. Savage, 110 Minn. 510, 513, 126 N. W. 394, 136 Am. St. 527, 19 Ann. Cas. 1022. The danger, however, does not inhere so much in the doctrine itself as in its application in accordance with the distinction on which it is based, namely, between parol proof of a collateral independent condition precedent to the operation of the agreement as a contract, and like proof "that the contract itself

contained a condition not expressed in the writing," or different from one included therein. To extend the exception under which the former is admissible so as to render the latter competent would destroy the parol evidence rule; for then there would be no basis for distinction between what terms and conditions of a written contract could be varied or destroyed by parol, and what not.

Immediately upon its acceptance, the order here involved became a complete contract expressly purporting to cover all the agreements of the parties, and, with the implication of the law as to the time of delivery, nothing remained to be supplied by parol. Thus it was squarely within the holding of Kessler v. Smith, 42 Minn. 494, 44 N. W. 794, that an accepted order for goods constitutes a complete written contract, and likewise within the implied holding of McLoone v. Brusch, 119 Minn. 286, 138 N. W. 35, and cases there cited, that where the writing purports to cover all the agreements of the parties and contains the essential elements of a contract, it cannot be varied by parol, the ground of the admission of the evidence in that case being that it was "manifest that the parties did not intend the order in question as a complete expression of their contract." The fact that the order did not express the time for delivery is immaterial; for in such case the law implies a reasonable time, which implication cannot be contradicted by parol. American Bridge Co. of New York v. American District Steam Co. 107 Minn. 140, 144, 119 N. W. 783.

The greatest effect which can be accorded the evidence admitted by the trial court is that the parties made a prior or contemporaneous oral agreement that, unless the goods were delivered within a certain time, the order should not stand; which is plainly a variance of the implied agreement that the delivery should be made in a reasonable time, and this whether the order be taken as having become an existing contract immediately upon its delivery to plaintiff's agent, or only upon its acceptance by plaintiff itself within a reasonable time; the attempt in either case being to engraft upon a complete written contract a parol condition concerning a matter purporting to be fully covered thereby. The distinction between such a case and one in which a party is allowed to prove that, by reason of some collateral

agreement or understanding, a contract complete in form never became operative, is that in the latter the whole contract is held in abeyance until the happening of some condition precedent, upon which its terms become effective as written, while in the former an indulgence of the exception would allow an essential term of the contract to be varied, or perhaps destroyed, by a prior or contemporaneous oral condition subsequent.

On this point I think the case is ruled, in accordance with the views above expressed, by McCormick Harvesting Mach. Co. v. Wilson, 39 Minn. 467, 40 N. W. 571; Minneapolis Threshing Mach. Co. v. Davis, supra; Kessler v. Smith, supra; Graham v. Savage, supra; Samuel H. Chute Co. v. Latta, 123 Minn. 69, 142 N. W. 1048.

BUNN, J.

I concur in the views expressed in the dissent of Mr. Justice Philip E. Brown.