## 11845

### S. F. BOWSER & CO. v. CRESCENT FILLING STATION

#### (130 S. E., 870)

1. SALES—WRITTEN ORDER HELD A MERE PROPOSAL, AND NOT A CONTRACT UNTIL ACCEPTED BY SELLER.—Written order for gas pump and fixtures *held* a mere proposal, and not a contract until accepted by seller.

2. SALES—ACKNOWLEDGMENT OF ORDER HELD NOT ACCEPTANCE.—Postcard acknowledging receipt of order for goods, and stating that it would receive prompt attention, was not an acceptance, especially when not so intended.

3. SALES—ACCEPTANCE HELD TO MAKE DATE OF SHIPMENT DEFINITE.— Where order left date of shipment indefinite if seller's telegrams stating that shipment would be made on certain date, or as soon as draft was received, amounted to acceptance, they made agreement as to date of shipment a part of contract.

4. SALES—BUYER'S RIGHT TO RESCIND ON GROUND OF FAILURE TO SHIP PROMPTLY DEPENDS ON WHETHER TIME OF SHIPMENT WAS OF ESSENCE OF CONTRACT.—Right of purchaser to rescind contract for purchase of gas pump for delay in shipment depends on whether time of shipment agreed on was, by reasonable implication, of the essence of the contract.

5. SALES—TIME HELD TO HAVE BEEN OF ESSENCE OF CONTRACT ENTITLING PURCHASER TO RESCIND; FAILURE TO SHIP ENTITLED BUYER TO RESCIND.—Time of shipment of gas pump under contract of purchase *held* to have been of essence of contract, in view of telegrams of buyer asking for immediate shipment, and failure of seller to ship pump as per contract entitled buyer to rescind.

6. SALES—IF PURCHASER'S SUBSEQUENT CONDUCT, AFTER RESCISSION, DID NOT CONSTITUTE WAIVER, VERDICT FOR SELLER IMPROPERLY DIRECTED.— If purchaser's subsequent conduct, after rescinding contract, in receiving goods and storing for seller, did not conclusively establish waiver or estoppel, a verdict for seller was improperly directed, in action for price.

7. SALES—DIRECTED VERDICT FOR PURCHASER PROPERLY REFUSED, WHERE EVIDENCE MIGHT SUPPORT FINDING OF WAIVER AFTER RESCISSION OF CONTRACT.—As weight of testimony explaining purchaser's action in receiving and storing goods after rescinding contract was for jury, and such conduct might reasonably support finding of waiver or estoppel, directed verdict for purchaser was properly refused.

Before J. M. NICKLES, SPECIAL JUDGE, Union, May, 1925. Reversed and new trial ordered.

Action by S. F. Bowser & Co. against the Crescent Filling Station. From a judgment for plaintiff, defendant appeals.

*Messrs. Barron, Barron & Barron,* for appellant, cite: *Order for goods not a contract:* 115 S. C., 426. *Acceptance of order necessary:* 4 McC., 431; 13 S. C., 94; 7 A. & E. Law., 129. *Order may be countermanded:* 115 S. C., 430; 102 S. C., 419. *Remedy of seller:* 102 S. C., 427; 115 S. E., 430. *Negligence or deceit of agent:* 88 S. C., 41. *Prior conversation referred to in written contract:* 93 S. C., 529. *Ambiguities in written contract:* 100 S. C., 10; 57 S. C., 60. *Reasonable time for performance:* 90 S. C., 153; 91 S. C., 17; 94 S. C., 187; 118 S. C., 313. *Time of essence of contract:* 25 Conn., 530; 31 Pa. St. 218; 9 Cyc., 604. *Meeting of minds:* 1 N. & McC., 142.

*Mr. John K. Hamblin,* for respondent, cites: *Parol evidence rule:* 126 S. C., 205; 119 S. E., 581; 124 S. C., 211; 123 S. C., 534; 121 S. C., 437; 120 S. C., 375; 120 S. C., 211; 112 S. E., 921; 118 S. C., 404; 91 S. C., 316; 83 S. C., 204; 65 S. E., 272. *One party cannot modify contract:* 106 S. C., 53. *Unauthorized acts of agent not binding:* 119 S. C., 25. *Authority of agent must be good:* 27 S. C., 134; 1 A. & E. Enc., 968 and 987; 3 Brev., 475; 60 Ala., 496; 89 Ga., 223; 9 Ill App., 193; 88 Ill., 298; 24 Mich., 36; 79 Mo., 207. *Agent without authority to modify contract once made:* 106 S. C., 53; 98 S. C., 282; 13 S. C., 189; 1 Bail. Law 648; 46 Mo. App., 404; 44 Ill., 114; 87 Ill., 179; 42 N. Y., 184; 1 Col. App., 45; 59 N. H.; 142; 18 L. R. A., 663 and 667. *Authority of commercial travellers generally:* 58 Miss., 478; 79 Mo., 204; 16 Kan., 571; 105 Mass., 482; 46 Mo. App., 404; 55 Wis., 515; 90 Ill., 242. *Countermand by purchaser:* 117 S. C., 388. *One party cannot countermand contract:* 102 S. C., 419; 46 S. C., 220. *Delivery to carrier is delivery to consignee:* 30 S. C., 616. *Written contracts to contain all*

*terms:*   115 S. C., 426.   *Reasonable time for performance:* 118 S. C., 404.   *Party causing delay estopped to take advantage of it:*   117 S. C., 480.   *Remedy of seller:*   115 S. C., 431.   *Goods accepted without complaint:*   128 S. C., 443.

October 26, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action to recover the purchase price of a gasoline pump and fixtures.   The plaintiff alleged, and sought to recover upon, a written contract.   The Circuit Judge directed a verdict for the plaintiff, and, from judgment thereon, the defendant appeals.

On January 25, 1923, the defendant (corporation), through its president and treasurer, L. G. Meador, executed and delivered to one W. H. Trammell an order in writing, directed to the plaintiff (corporation) at Ft. Wayne, Ind., for the purchase of a certain gasoline pump and fixtures. That written order, in so far as pertinent is as follows: "To S. F. Bowser & Co., Inc., Ft. Wayne, Ind. U. S. A.:

"———, 192—.

"Please manufacture and ship, as per instructions below, the following goods:   *   *   *   From Sundries Stock List—Dec. 18/22.   Sold subject to prior sale f. o. b. S. F. Bowser & Co., Inc., warehouse, Ft. Wayne.   Terms—in consideration of the shipment of the above listed goods, the undersigned agrees to pay S. F. Bowser & Co., Inc., the above amount; cash with order $26.00 and a balance of $234.00, with interest at the rate of 6 per cent. per annum from the date of maturity.   *   *   *

"It is agreed by purchaser:   (1) That this order shall not be countermanded; that it covers all agreements, between parties hereto relative to this transaction, and that S. F. Bowser & Co., Inc., shall not be bound by any representation or promise made by any agent relative to this transaction which is not embodied herein.   *   *   *   (4)

That any advance payments made by the purchaser at the time of the execution of this order, shall be forfeited as liquidated damages to S. F. Bowser & Co., Inc., by the purchaser, if the purchaser fails to complete the contract. * * * (8) That the fulfillment of this contract by S. F. Bowser & Co., Inc., is subject to delays due to fires, accidents, strikes, embargoes, interruption in manufacture or other causes beyond its control. * * * (11) As far as practicable, S. F. Bowser & Co., Inc., manufactures and ships customers' order in the sequence in which they are finally accepted.

. "It is agreed that the equipment or material herein contracted for is to be manufactured and shipped accordingly, and that shipment shall be at such time as production in the company's factory will permit. All orders are subject to the approval of S. F. Bowser & Co., Inc., at Ft. Wayne, Ind. Nothing in this receipt at the right is to be construed to mean an acceptance of the order. If for any reason the order is not accepted, the amount paid will be refunded promptly.

"Received, to apply on above order, check $26.00, twenty-six dollars. Witness: W. H. Trammell (425), salesman. [Signed] Crescent Filling Station, Purchaser, by L. G. Meador, P. & T. Name of purchaser's agent and title. * * * Accepted. Shipped March 12, 1923."

The foregoing order was mailed by Trammell, the plaintiff's traveling salesman, to the plaintiff at Ft. Wayne, Ind. Plaintiff, by postcard acknowledged the receipt of the order, and informed defendant it had been given a certain number and would receive prompt attention; but no express acceptance of the order was communicated to the defendant. On February 16, 1923, defendant wired plaintiff as follows:

"S. F. Bowser & Co., Ft. Wayne, Ind. Has order number fifty-two, fifty-four, sixty-six been shipped. [Signed] Crescent Filling Station."

On February 17, 1923, the plaintiff, in response to the foregoing telegram wired the defendant as follows:

"Crescent Filling Station, Union, S. C. Shipping your equipment Wed., Feb. twenty-first, if possible Tuesday. [Signed] S. F. Bowser & Co., Inc., Ft. Wayne, Ind."

On February 20, 1923, the plaintiff again wired defendant as follows:

"Crescent Filling Station, Union, S. C. Your check $26.00 returned unhonored on account of insufficient funds in bank to cover. Will ship as soon as draft received to replace. [Signed] S. F. Bowser & Co."

Thereupon the defendant on February 21, 1923, wired the $26 to the plaintiff; that transaction being evidenced by a money transfer telegram marked in blue pencil "Rush" and with the words thereon, "Quick Service," addressed to S. F. Bowser & Co., Ft. Wayne, Ind., and reading as follows:

"The money transfer for $26.00 paid you herewith from Union, South Carolina, Feb. 21st, and signed Crescent Filling Station, included the following message, 'Ship outfit promptly.'"

Thereafter on March 9, 1923, the defendant wired the plaintiff at Ft. Wayne, Ind., as follows:

"If pump has not been shipped, please cancel order and return money wired you February 21st and check that was given with order January 25."

On March 10, 1923, the plaintiff, from Ft. Wayne, Ind., telegraphed to the defendant at Union, S. C. as follows: "We shipped your pump yesterday. Will trace."

The shipment was not made by the plaintiff on March 9th, as claimed in the telegram just quoted, but was made on March 12, 1923. On April 10, 1923, the shipment arrived at Union, S. C. On April 11th, the defendant paid the freight on the shipment and took it out of the depot. The defendant's president and treasurer Meador, testified

that after learning from a copy of the bill of lading sent him a few days after he had wired a cancellation of the order on March 9th that, contrary to the statement in plaintiff's telegram of March 10th, the pump had not been shipped when defendant's cancellation reached the plaintiff; he notified the plaintiff through its agent, W. H. Trammell, that he then had no use for the pump and would not take it out of the depot but that at Trammell's urgent request he agreed to receive the shipment from the carrier and store it for the plaintiff, upon the understanding that the $26 already paid and the amount of freight which would have to be paid to get the shipment out would be repaid to him by plaintiff; that pursuant to that agreement he paid the freight on the shipment and stored it, without uncrating it, on his back lot; and that afterwards at Trammell's request he stored it with the Raysor Garage, where it was subsequently destroyed by fire when the Raysor building was burned.

We think the learned Circuit Judge was in error in 1-3 directing the verdict for the plaintiff. The defendant's written order was a mere proposal and not a contract until accepted by the plaintiff. *Oxweld Acetylene Co. v. Davis,* 115 S. C., 426, 430; 160 S. E., 157. *Scale Co. v. Mercantile Co.,* 102 S. C., 419, 424, 425; 86 S. E., 1060; and see *S. F. Bowser Co. v. Fountain,* 128 Minn. 198; 150 N. W., 795, L. R. A., 1916B, 1036. When did this written order, by virtue of the plaintiff's acceptance, ripen into such a contract as could have been enforced by the defendant? The postcard acknowledgment by mail of the receipt of the order was not, we think, such binding acceptance. That it was not so intended is admitted by the witness Diehl, plaintiff's credit and collection manager. By what word or act had plaintiff committed itself to an unconditional acceptance of defendant's order prior to March 9, 1923, when defendant wired a cancellation or rescission? If the plaintiff's telegrams of February 17th and February

20th, promising to ship on a day certain or "as soon" as the dishonored check was protected be construed as such acceptance, it was an acceptance, the benefit of which the plaintiff took *cum onere;* that is, those telegrams unquestionably wrote into the contract the agreement on the plaintiff's part to ship by the date mentioned in the telegram of February 17th, or as soon as the check was replaced, according to the telegram of February 20th. The plaintiff thereby made definite what had been left indefinite by Section 11 of the proposed order, viz. the time of shipment of the goods. When defendant replaced the bad check by wiring in the money on February 21st, it consented to the time for shipment as fixed by plaintiff and gave plaintiff notice of its position by the telegraphic instruction to "ship outfit promptly." But plaintiff did not ship promptly "as soon" as check was replaced and had not shipped on March 9th, when defendant wired it to cancel. On March 9th, therefore, the plaintiff had unquestionably breached its contractual stipulation to ship by February 21st, or as soon "as draft received to replace" check.

In that situation the defendant's right to rescind on that ground depended upon whether the time of shipment which had been thus written into the contract was, by reasonable implication, of the essence of the contract. 6 R. C. L., 928, § 312; Id., 900, § 285.

"Whether time is of the essence of a contract is ordinarily to be determined by the construction of the contract in the light of the settled principles of law upon that subject. As in all other questions of construction, the intention of the parties should prevail, and it should be ascertained, if it can be, from the language which they have used, which may be read in the light of the character and purpose of the contract and the facts and circumstances under which it was made, and the construction put upon it by the parties themselves." *City of Chester v. Surety Co.,* 91 S. C., 20, 21; 74 S. E., 39.

Applying these principles to the construction of this contract, under the evidence here adduced, we think it is clear that time was of the essence, and that the failure of the plaintiff to ship the pump, etc., by March 9, 1923, entitled the defendant to rescind. 23 R. C. L., 1373, § 196.

But the question remains as to the effect upon the rights of the parties of the conduct of the defendant in thereafter receiving the shipment from the carrier and storing it. If the testimony of defendant's witness Meador, hereinabove abstracted is believed, there was no waiver of the defendant's right to stand upon a rescission of the contract, and no sufficient basis for holding as a matter of law that the defendant was estopped by its conduct in receiving the goods, to rely on its election to rescind, notice of which had been given the plaintiff on March 9th. If, therefore, the defendant's telegram of March 9th be construed, as we think it may, as definite notice to the plaintiff of defendant's election to rescind the contract, and if on that date defendant had a right to rescind, as we think it did, and if defendant's subsequent conduct in receiving the goods did not conclusively establish waiver or estoppel, it follows, of course, that the verdict for the plaintiff was improperly directed.

On the other hand, the conduct of the defendant in receiving the shipment, paying the freight thereon, and taking the goods into its possession, several weeks after it had notified plaintiff of its election to cancel, considered apart from the testimony of defendant's witness Meador, tending to explain that conduct, might reasonably support a finding of waiver or of estoppel. Since, however, the credibility of the witness Meador and the weight of his testimony were for the jury, the defendant's motion for a directed verdict was properly refused.

The judgment of the Circuit Court is reversed, and a new trial ordered.

Reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and COTHRAN and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.