## Eugene S. Shepard vs. Herbert M. Carpenter.

Submitted on brief by appellant, argued by respondent, June 23, 1893. Affirmed July 13, 1893.

**A Contract Construed and Held to be Incomplete.**

An agreement to enter into a contract in the future, in order to be enforceable, must express all the material and essential terms of such future contract, and not leave any of them to be agreed on in the future.

**Material Terms Left for Future Agreement.**

A certain contract to enter into a future contract considered, and *held* to leave material terms for future agreement.

Appeal by plaintiff, Eugene S. Shepard, from a judgment of the District Court of Hennepin County, *William Lochren* and *Frederick Hooker*, JJ., entered January 24, 1893, that he take nothing by his action.

The defendant, Herbert M. Carpenter, of Minneapolis, on April 19, 1892, agreed with plaintiff that he would enter into a contract with him whereby Shepard should agree to cut into logs, haul and deliver at the boom or other place of delivery to be in and by said contract agreed upon, all pine timber upon certain lands belonging to Carpenter in Townships 59 and 60, Range 26, in Itasca County, and there sell the same at not less than $9 per thousand feet and pay to Carpenter one-third of the selling price of the logs, to be paid within —— days after such sale should be made. The amount of timber or logs to be cut in any one year was to be agreed upon and expressed in such contract, and it was to be prepared and executed within ninety days thereafter, in case Shepard, on examining the timber, elected to enter upon the work, on these terms.

Plaintiff examined the timber and elected to enter upon the work, and requested defendant to sign and execute a contract therefor pursuant to this agreement of April 19, 1892; but defendant neglected, and finally refused. This action was to recover damages for the breach of that agreement. The complaint stated the foregoing facts, and attached to it was a copy of the agreement of April 19, 1892. It also stated that there were not less than 18,000,-000 feet of merchantable pine logs on the land, worth $10 per

thousand, and set forth the facts showing that his damages were $73,534, for which sum he asked judgment.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. After argument before the two Judges the demurrer was sustained and judgment was entered for defendant. The plaintiff appeals.

*Larrabee & Gammons,* for appellant.

Defendant contends that the agreement of April 19, 1892, does not constitute a complete contract for three reasons: *First,* because the place for the delivery of the logs was not specified; *second,* because the time for payment to Shepard was not specified; and, *third,* because the amount of logs to be cut in any one year was not specified. *First.* A place of delivery was specified, namely, "at the boom," the location of which, if material, the parties must have had in mind. It is also immaterial that this agreement expressly provided that in the new agreement to be made, another place might be specified. It would have been so in the absence of the express provision. Parties may modify their contracts at will. *Second.* In the absence of express provision as to the time of payment it is presumed to be when the work is completed. This is well settled and is clearly applicable to this point, and decisive thereof. *Third.* It is true that the amount to be cut in any one year is not specified, and that the parties contemplated specifying the amount in the new contract, but in the absence of that specification in the new contract there would still be a contract. It is stipulated what things are to be done by Shepard. The law presumes that the parties intended to accomplish something, and in the absence of a specification controlling the time of the performance, it would persume that they intended that the things should be done within a reasonable time, considering all the circumstances, including the nature of the business, with which the parties must have been familiar. Wharton, Cont. § 881 *et seq.*; *Lathrop* v. *O'Brien,* 44 Minn. 15.

If the parties should provide in the new contract for the amount to be cut in any one year, it would control; and if they should not, then the law would control; and in either case the desired object of the parties would be accomplished. Courts seek to sustain contracts, not to defeat them.

*W. H. Norris,* for respondent.

This agreement of April 19, 1892, is, in essentials, incomplete upon its face. The boom, or other place of delivery, is to be fixed by future agreement. The boom is not yet, as counsel suggest, even in their minds. The time for payment to Carpenter after sale is left at —— days; the blank manifestly made to be later filled by a specific number. The quantity to be cut per year is undetermined, but to be determined later. The memorandum showing these items present in the minds of the parties, shows them to be reserved for future consideration, determination and expression, by a future contract. *Honeyman* v. *Marryatt*, 6 H. L. Cas. 112; *Hussey* v. *Horne-Payne*, 4 App. Cas. 311; *Appleby* v. *Johnson*, L. R. 9 C. P. 158; *Crossley* v. *Maycock*, L. R. 18 Eq. Cas. 180; *Stanley* v. *Dowdeswell*, L. R. 10 C. P. 102; *May* v. *Ward*, 134 Mass. 127; *Freeland* v. *Ritz*, 154 Mass. 257.

This memorandum demonstrates throughout, an intent not to rely upon it as the contract, but thereafter to make a more complete and final contract. *Chinnock* v. *Marchioness of Ely*, 4 De G., J. & S. 638; *Ridgway* v. *Wharton*, 6 H. L. Cas. 237; *Winn* v. *Bull*, 7 Ch. Div. 29.

If a contract be so vague in its terms that its meaning cannot be certainly collected and the statute of frauds precludes the admissibility of parol testimony to clear up the difficulty, (*Elmore* v. *Kingscote*, 5 Barn. & Cress. 583,) or parol evidence cannot supply the defect, then neither at law nor in equity can effect be given to it. *Hodges* v. *Horsfall*, 1 Russ. & M. 116; *Sharpe* v. *Rogers*, 10 Minn. 207, (Gil. 168;) *Brockway* v. *Frost*, 40 Minn. 155; *Taylor* v. *Allen*, 40 Minn. 433; *Lyncs* v. *Hayden*, 119 Mass. 482; *Pray* v. *Clark*, 113 Mass. 283; *Fogg* v. *Price*, 145 Mass. 513.

GILFILLAN, C. J. A contract between two persons, upon a valid consideration, that they will, at some specified time in the future, at the election of one of them, enter into a particular contract, specifying its terms, is undoubtedly binding, and upon a breach thereof the party having the election or option may recover as damages what such particular contract, to be entered into, would have been worth to him, if made. But an agreement that they will in

the future make such contract as they may then agree upon amounts: to nothing. An agreement to enter into negotiations, and agree upon the terms of a contract, if they can, cannot be made the basis of a cause of action. There would be no way by which the court could determine what sort of a contract the negotiations would result in; no rule by which the court could ascertain whether any, or, if so, what, damages might follow a refusal to enter into such future contract. So, to be enforceable, a contract to enter into a future contract must specify all its material and essential terms, and leave none to be agreed upon as the result of future negotiations.

The agreement herein sued on leaves essential terms of the future contract to be fixed by future agreement. It clearly contemplated that the logs to be cut and hauled should be delivered at some one place, but it does not specify what place, but instead thereof provides that the (future) contract shall be for plaintiff to cut into logs, "haul and deliver at the boom or other place of delivery, to be in and by said contract agreed upon," without indicating what boom, or where it may be. The place of delivery was manifestly left to be agreed on, and, when agreed on, inserted in the future contract. How payments were to be made by plaintiff for logs sold by him was a matter of serious importance, but all the contract says of it is: "One-third of the selling price thereof, in cash, to be paid within ——— days after such sale shall be made." It is manifest the parties intended the future contract to specify the number of days within which payment or payments were to be made, but that they had not agreed on the number of days, and so left it to be agreed on and inserted in the future contract. A perhaps still more important matter was within what time the logs should be cut. All the contract says of that is "that the amount of timber or logs to be cut in any one year shall be agreed upon, and be expressed in said contract." Where a final contract fails to express some matter, as, for instance, a time of payment, the law may imply the intention of the parties; but, where a preliminary contract leaves certain terms to be agreed upon for the purpose of a final contract, there can be no implication of what the parties will agree upon.

Judgment affirmed.

(Opinion published 55 N. W. Rep. 906.)