RUFUS P. MORTON v. PAINE & NIXON COMPANY.[1]

December 24, 1926.

No. 25,728.

**Contract void for indefiniteness.**
 A written agreement contemplated that defendant should become a broker for the sale of brick in specified territory "on such basis as the parties hereto may agree upon." There was no subsequent agreement except as to the price for which brick were to be sold to defendant on its own account. The original agreement was not a contract of agency because of indefiniteness and never ripened into one because there was no subsequent contractual assent to the terms upon which defendant was to act as broker.

 Brokers, 9 C. J. p. 516 n. 73.

[1]Reported in 211 N. W. 474.

Defendant appealed from an order of the district court for St. Louis county, Grannis, J., denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Fryberger, Fulton, Hoshour & Boyle,* for appellant.

*Alford & Hunt,* for respondent.

STONE, J.

Action for the agreed price of brick, wherein a verdict was directed for plaintiff. This appeal by defendant, from an order denying its motion for judgment notwithstanding the verdict or a new trial, presents nothing other than the merits of a counterclaim, the validity of which was denied below as a matter of law.

The action arises out of a written contract made between one Eaton, plaintiff's assignor, and defendant in February, 1914. We assume that the agreement covered the period now in issue. It obligated Eaton to manufacture for and sell to defendant a specified quantity of brick at a stated price. Concerning that phase of the contract and its performance there is no controversy.

The counterclaim is based upon further provisions of the agreement which defendant avers gave it the exclusive sale in specified territory of brick manufactured by Eaton. The agreement does purport to give to defendant "the sale of all of said brick," defendant on its part agreeing "to act as agent or broker * * * to handle the sale of the brick * * * in such territory as second party covers and on such basis as the parties hereto may agree upon." The sales in question were not made by defendant, as agent or otherwise. Its claim is that plaintiff made them directly to the purchasers in defendant's territory in violation of what it terms the exclusive sales provision of the contract. The counterclaim is for the profit that defendant could have made if it had been permitted to handle the sales.

It is conceded for defendant that, with respect to possible sales by defendant as agent or broker, the document itself was no contract. That is because it did not fix the terms but instead left them to future agreement. Gruesner v. Thatcher, 158 Minn. 470, 197 N.

W. 968, and cases cited. It is argued however that inasmuch as it did purport to give defendant an exclusive sales agency the contract would have been completed, rendered sufficiently definite for enforcement, if definite terms were supplied by subsequent agreement. Tingue v. Patch, 93 Minn. 437, 101 N. W. 792. But we discover nothing to indicate agreement on any "basis" upon which defendant was to sell brick to others as agent or broker for plaintiff's assignor. All we find are quotations, made from time to time, which contemplated sales of brick to defendant itself. There is nowhere any mention of the commission or any other term of an agency as distinguished from a sales contract. That was the view of the evidence taken by the learned trial judge. In his resume of the case, he says:

"All of the transactions subsequent to 1915 show specific sales from time to time by Eaton, the plaintiff's predecessor, to the defendant upon prices and terms stipulated as to each sale. There never was any sale of the Eaton brick subsequent to 1915 in which the defendant acted as agent or broker. The sales were all made direct from Eaton to the defendant. * * *

"With respect to the particular sales made by Eaton to parties other than defendant, in defendant's territory, it is conceded that the parties did not enter into any agreement with reference thereto."

It being so clear that the incomplete written agreement never ripened into a contract of agency through a subsequent mutual assent to the terms or basis of the agency, the verdict for plaintiff was properly directed and the order denying a new trial must be affirmed.

So ordered.