## MICHAEL STADELMANN AND ANOTHER v. FRANK BOOTHROYD.[1]

March 11, 1927.

No. 25,859.

**Vendees in possession may not rescind merely because vendor leases premises to third party.**

1. Where the vendor in a contract for deed, the vendees being in possession, makes a lease of the premises to a third party, it is not such a repudiation of the contract as to authorize the vendees to rescind.

**Only the party free from default can rescind on ground of nonperformance.**

2. The right to rescind on the ground of failure of performance belongs to the party who is free from default.

**Construction of evidence relating to lease.**

3. Oral evidence showing such lease to have been made "subject to the contract" with the defaulting vendees construed as meaning that the lease was to become operative only in the event of the vendees failing to relieve themselves of their default.

**Burden of proving payment of mortgage registration tax.**

4. The burden of showing the payment of mortgage registration tax is upon him who offers in evidence a statutory notice of cancelation of the contract with proof of service, an objection being made on the ground that such tax has not been paid.

**Voluntary abandonment of contract by vendees.**

5. The evidence supports a finding that the vendees in a contract for deed voluntarily abandoned their contract.

Contracts, 13 C. J. p. 614 n. 59.
Evidence, 22 C. J. p. 1256 n. 70; p. 1293 n. 72.
Taxation, 37 Cyc. p. 1167 n. 85 New.
Vendor and Purchaser, 39 Cyc. p. 1354 n. 11; p. 1417 n. 89 New.

See note in 30 L. R. A. 33, 6 R. C. L. 925; 2 R. C. L. Supp. 246; 4 R. C. L. Supp. 452; 5 R. C. L. Supp. 380.

[1]Reported in 212 N. W. 908.

Plaintiffs appealed from an order of the district court for Goodhue county, Johnson, J., denying their motion for a new trial. Affirmed.

*Charles P. Hall* and *Plato E. Sargent*, for appellants.

*A. J. Rockne* and *Theodore N. Ofstedahl*, for respondent.

WILSON, C. J.

Plaintiffs appealed from an order denying their motion for a new trial.

Defendant sold a farm to plaintiffs by a contract for deed. They were given credit for a small farm conveyed to defendant. The balance was $27,830. On February 18, 1925, plaintiffs assumed the right to rescind and brought this action.

1. The alleged right to rescind rests on the claim that defendant on January 28, 1925, entered into a written lease renting the farm to one Benson for three years from March 1, 1925. It is claimed upon authority of Engel v. Mahlen, 153 Minn. 1, 189 N. W. 422, that defendant thus disqualified himself from carrying out the contract and thereby unqualifiedly repudiated it, relieving plaintiffs of the duty of tendering further performance and giving them the right to rescind and prosecute this action. But plaintiffs were in possession, which was notice to the world of their rights. Neither the lease nor its consequence could disturb them. Their right to a performance of the contract was unimpaired. Defendant had not thereby deprived plaintiffs of their remedies of specific performance. He still held title and as against plaintiffs the lessee had nothing. All plaintiffs had to do was to perform their contract. The making of the lease, in the absence of what is hereinafter stated, did not constitute a repudiation of the contract as claimed.

2. Plaintiffs are not seeking performance. They are in default. They are seeking to utilize the making of the lease as a breach of the contract to establish a right to rescind and escape performance. No demand upon defendant was ever made by plaintiffs for performance. The right to rescind on the ground of failure of performance belongs to the party who is free from default. Mason v. Edward Thompson Co. 94 Minn. 472, 103 N. W. 507; 13 C. J. 614;

6 R. C. L. 925; 2 Black, Resc. & Canc. 1305. Plaintiffs cannot prevail because they were in default.

3. Defendant has at all times been ready, willing and able to carry out the contract. Oral evidence was received showing that the lease was made "subject to the contract" with plaintiffs. This is assigned as error under the claim that it violated the parol evidence rule. We construe the testimony as meaning that the lease was to become operative and binding only in the event of plaintiffs' failing to relieve themselves of their default in the terms of the contract. The evidence was admissible. Westman v. Krumweide, 30 Minn. 313, 15 N. W. 255; Smith v. Mussetter, 58 Minn. 159, 59 N. W. 995; Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139; Merchants Nat. Bank v. Bryngelson, 160 Minn. 205, 199 N. W. 905; Silliman v. Dobnar, 165 Minn. 87, 205 N. W. 696. Plaintiffs were informed that the lease was made "subject to this [their] contract" and if they paid up the interest and principal to date they could still have the farm. It clearly appears that the lease was in no sense an obstacle to the performance of the contract by either party.

4. A statutory notice of cancelation of the contract with proof of service was received in evidence over the objection that it was inadmissible because the mortgage registration tax was not paid. G. S. 1923, § 2328. This was error. Engel v. Mahlen, 153 Minn. 1, 189 N. W. 422, and cases cited. Respondent claims it does not appear from the record that the tax was not paid. That does not meet the objection which put the burden upon the party asking the court to receive the exhibit to show affirmatively that he was entitled to have the evidence received. But the error was harmless. No finding was made as to the existence or service of this notice. The court determined the cause with a finding that plaintiffs voluntarily abandoned their contract.

5. It is claimed that the evidence does not support the finding of abandonment. Plaintiffs took possession of the farm on March 1, 1922, and they were to pay interest from that date at the rate of 6 per cent per annum. On January 1, 1925, they were in default to the extent of $4,678.74 interest and $1,100 on principal. They failed

to pay taxes subsequent to the first half of 1923 due in 1924. Mr. Stadelmann told the tenant that it was all right to lease the farm. They could not make their payments and he so stated. Late in February, 1925, they rented and moved on another farm. They consented to the tenant taking possession. Mr. Stadelmann was told that they would have to make their payments and he said they would have to get off. He negotiated with defendant for the rental of this farm. Later he told defendant that he had rented another farm and would move by March 1, which he did. The allegations of the complaint are not indicative of a desire to perform the contract.

It is urged that "voluntary" means acting without being influenced by another; acting by one's own accord. It is suggested that plaintiffs acted under compulsion and influence from defendant. The fact that plaintiffs' unfortunate circumstances made it necessary for them to move does not prevent their acts from being termed in law voluntary. A person becomes a voluntary bankrupt usually out of necessity. Yet he acts without being directly influenced by another. He becomes an involuntary bankrupt when his creditors force him. Here, plaintiffs, regardless of motive, left the farm according to their choice though it may have been precipitated by necessity. They acted voluntarily in that they did not wait for the mandate of the court.

The evidence supports the finding of voluntary abandonment. Graceville State Bank v. Hofschild, 166 Minn. 58, 206 N. W. 948; Mathwig v. Ostrand, 132 Minn. 346, 157 N. W. 589.

Affirmed.