# ERIC R. AHLSTRAND AND OTHERS v. MAY HELEN McPHERSON.

173 N. W. (2d) 330.

December 26, 1969—No. 41761.

*Wright & Wanglie* and *F. Gordon Wright,* for appellants.
*Moonan & Moonan* and *John R. Moonan,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran, JJ.

MURPHY, JUSTICE.

This is an appeal from an order denying plaintiffs' motion for amended findings or a new trial in an action for specific performance of a contract for the conveyance of real estate. Plaintiffs, the vendees, contend that the trial court erred in determining that specific performance should be denied because of their abandonment of the contract.

From the record it appears that on July 16, 1960, John A. McPherson and Mae Helen McPherson, his wife, as grantors, sold to Eric R. Ahlstrand and his wife, Stella, and Loren E. Ahlstrand and his wife, Adeline, certain real estate under a contract for deed. It appears that Eric R. Ahlstrand is an uncle of Loren E. Ahlstrand. The contract provides:

"It is the interest of the parties to convey title to: 1/2 to Eric R. Ahlstrand and Stella S. Ahlstrand, his wife, as joint tenants, and 1/2 to Loren E. Ahlstrand [and] Adeline L. Ahlstrand, his wife, as joint tenants."

The purchase price under the contract was $25,000, with a downpayment of $2,500 and an agreement to pay the balance in monthly installments of $175. After having paid $3,000 on April 17, 1961, and $2,000 on August 19, 1961, the Ahlstrands secured a release of three parcels of land from the property covered by the contract.

It appears from the record that the Ahlstrands defaulted in installment payments due June 18, 1964, and July 18, 1964, and, as a consequence, the vendors instituted proceedings for cancellation of the contract under the provisions of Minn. St. 559.21. The notice of cancellation was personally served upon Eric R. Ahlstrand, successor to his deceased wife's interest in the land, in the office of the vendors' attorney. Loren E. Ahlstrand was informed of the service upon Eric and was requested by the attorney to pick up his copy of the notice at the attorney's office.

Loren testified that he contacted the attorney and made arrangements to pick up the notice but failed to actually receive the document as "something came up and I was unable to make it."

Subsequent to August 14, 1964, the vendees made no further payments under the contract for deed, nor did they pay real estate taxes. On May 4, 1967, Eric R. Ahlstrand executed and submitted to the vendors a proposed agreement to purchase the land described in the original contract for deed and offered the sum of $25,000. The vendors, however, chose instead to execute a contract for deed on September 15, 1967, to other purchasers.

Plaintiffs are correct in their assertion that defendants failed to comply with provisions for cancellation of the contract for deed as set forth in Minn. St. 559.21.[1] It is agreed that the vendors perfected notice to Eric R. Ahlstrand, but there is nothing in the record to indicate an effective notice to the other parties. Enga v. Felland, 264 Minn. 67, 117 N. W. (2d) 787; Krost v. Moyer, 166 Minn. 153, 207 N. W. 311; Hage v. Benner, 111 Minn. 365, 127 N. W. 3.

While the record does not establish a valid cancellation of the contract for deed, it does support the trial court's determination

---

[1] Minn. St. 559.21 provides in part as follows: "When default is made in the conditions of any contract for the conveyance of real estate or any interest therein, whereby the vendor has a right to terminate the same, he may do so by serving upon the purchaser, his personal representatives or assigns, either within or without the state, a notice specifying the conditions in which default has been made, and stating that such contract will terminate 30 days after the service of such notice unless prior thereto the purchaser shall comply with such conditions and pay the costs of service * * *. Such notice must be given notwithstanding any provisions in the contract to the contrary, and shall be served within the state in the same manner as a summons in the district court * * *.

\* \* \* \* \*

"If, within the time mentioned, the person served complies with such conditions and pays the costs of service * * *, the contract shall be thereby reinstated; but otherwise shall terminate."

that there was an abandonment of the contract by the vendees. In its findings the trial court stated:

"After service of the notice of cancellation of the contract, plaintiffs made no further payments on the contract for deed and plaintiffs made no payment of the real estate taxes for the years 1964, 1965, 1966, and 1967, and plaintiffs did not exercise or attempt to exercise any dominion or control over the premises, nor were they in possession of the premises not released from the Contract for Deed.

"That in May, 1967 Eric R. Ahlstrand offered to purchase the balance of the land for the sum of $25,000 by presentation of a new purchase agreement.

"The acts of the plaintiffs and the evidence establishes a clear intent on the part of the plaintiffs to abandon the contract for deed.

"The evidence and the conduct of the plaintiffs establishes complete acquiescence in the cancellation of the contract for deed on August 14, 1964.

"The conveyance by defendant to third persons on September 15, 1967 was subsequent to the filing of plaintiffs' Notice of Lis Pendens on July 10, 1967."

1. Abandonment of a contract is a matter of intent and is to be ascertained from the facts and circumstances surrounding the transaction out of which the abandonment is claimed to have resulted, and it may be implied from the acts of the parties.

2. The controlling authority on the issue before us is Mathwig v. Ostrand, 132 Minn. 346, 157 N. W. 589, where the trial court found that a contract for conveyance of land was mutually abandoned and denied specific performance to the vendee. We noted that while the statute prescribes the exclusive method of terminating the contract by the vendor without resort to judicial proceedings, nevertheless—

"* * * it does not follow that the vendee may not by abandonment lose his rights. There is in the statute nothing inconsistent

with giving full effect to an actual abandonment. The primary purpose of the statute is to prevent the vendor taking advantage, through a provision in the contract, or otherwise, of the vendee's failure to make payments on time or of other defaults, and depriving him of his rights in the property without a definite notice of cancellation. [Citations omitted.] It is not its purpose to relieve him of the effect of an abandonment of an unperfected equitable title, and we hold that such title may be lost by abandonment." 132 Minn. 348, 157 N. W. 589.

The more recent decisions of Rognrud v. Zubert, 282 Minn. 430, 165 N. W. (2d) 244; The Melco Investment Co. v. Gapp, 259 Minn. 82, 105 N. W. (2d) 907, and Enkema v. McIntyre, 136 Minn. 293, 161 N. W. 587, 2 A. L. R. 411, are consistent with this statement of law.

We believe there is sufficient evidence in the record to support the trial court's finding of abandonment. After the default, the vendees were aware of the vendors' intention to terminate the contract. The vendees seemed to have lost interest in the property after they had secured a release from the contract of three lots which they acquired in 1961. There is no evidence that the vendees ever took possession of the property involved in this action. For a period of 33 months, from May 1964 until suit was started, no payments were made nor were any taxes paid by the purchasers. It cannot be fairly said that the Loren E. Ahlstrands were not familiar with the attempt of the uncle to repurchase the property in May 1967. The trial court could well assume that if the vendors had accepted Eric R. Ahlstrand's proposal to repurchase and had not sold the property to different purchasers, this action for specific performance would not have been initiated.

Since the record contains evidence warranting the trial court's finding of abandonment, its order denying specific performance must be affirmed.

Affirmed.