## ROBERT J. BURESH v. THOMAS B. MULLEN, DECEASED, BY REPRESENTATIVE, AND ANOTHER.

207 N. W. 2d 279.

April 27, 1973—No. 43616.

*Jerry B. Wolfson* and *Norton M. Hatlie,* for appellants.
*Gustafson, Gustafson & Austin* and *Curtis E. Austin,* for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Olson, JJ.

PER CURIAM.

Defendants appeal from an order for judgment granting plaintiff specific performance of a purchase agreement covering real estate in Crow Wing County, Minnesota.[1] Defendants contend that the purchase agreement was not a complete and binding contract and that, even if it was, plaintiff had abandoned the contract. We affirm.

Plaintiff contacted defendants at their home in Minneapolis

---

[1] An order for judgment is, of course, nonappealable. Cucchiarella v. Kolodzieg, 283 Minn. 515, 166 N. W. 2d 100 (1969). We have, however, elected to exercise our discretionary power of review in order to dispose of the matter without further delay.

on July 7, 1969, and after the parties had negotiated for some 3 hours, defendants' daughter prepared a purchase agreement on a standard form of real estate purchase agreement commonly used in Minnesota. The form had been furnished by plaintiff. Except for two small items appearing thereon, the purchase agreement was prepared entirely by defendants' daughter. Both plaintiff and defendants executed the instrument at the time of its preparation and plaintiff then paid, and defendants accepted, $500 earnest money. Two days later, plaintiff presented to defendants a proposed contract for deed which contained terms at variance with the terms provided for in the purchase agreement. Defendants refused to execute the proposed contract for deed.

At the time of the execution of the purchase agreement, defendants partially performed said agreement by delivering to plaintiff an outboard motor which was included in the purchase price and by requesting their insurance agent to verify insurance coverage on the property, which the agent did by writing directly to plaintiff. Subsequently, plaintiff undertook to have the property surveyed and made several visits to the property during the summer and early fall of 1969. He also tendered to defendants payment of $8,200, which was accepted by defendants. However, defendants thereafter refused to perform the purchase agreement, taking the position that a tender of a contract for deed in exactly the same terms as those provided in the purchase agreement was necessary in order to complete a binding agreement and, if this was not so, the tender of the contract for deed containing terms different from the terms of the purchase agreement amounted to an abandonment of the original contract.

Since plaintiff was unable to close the transaction, on November 14, 1969, he commenced an action for specific performance of the purchase agreement. Following trial, an order granting judgment for specific performance in favor of plaintiff was issued by the District Court of Crow Wing County on January 17, 1972. Pursuant to such order, plaintiff deposited with the clerk

of court the sum of $24,862.12, representing the balance due upon said contract, plus accrued interest, and became entitled to delivery of a warranty deed to the property.

Defendants assert that the original purchase agreement, which is the subject matter of the specific performance litigation, was only an offer and was not a binding contract until execution of a contract for deed in accordance with the terms of the purchase agreement. This position is totally without merit. We have held that a preliminary contract to enter into a contract in the future, the terms of which the parties are then to agree upon, is not binding. Morton v. Paine & Nixon Co. 169 Minn. 394, 211 N. W. 474 (1926); Shepard v. Carpenter, 54 Minn. 153, 55 N. W. 906 (1893). See, Dow v. State Bank of Sleepy Eye, 88 Minn. 355, 93 N. W. 121 (1903); Lamoreaux v. Weisman, 136 Minn. 207, 161 N. W. 504 (1917); 4 Dunnell, Dig. (3 ed.) § 1749. However, this is not the fact situation in this case. The purchase agreement here was prepared on a standard, commonly used real estate purchase agreement form. The terms of the agreement were explicit and contained the usual requirements for performance by both parties in the future, such as examination of title, payment of additional consideration, and delivery of a contract for deed or warranty deed. We conclude that the purchase agreement involved in this litigation was binding upon the buyer and the sellers at the time of its execution and could be specifically enforced by either plaintiff or defendants.

The validity of the original purchase agreement is not affected by the fact that plaintiff tendered defendants a contract for deed not in conformance with the original purchase agreement. Defendants, as they had a right to do, rejected the proposed contract. Its tender amounted to an offer by the purchaser to modify the terms of the original agreement. The fact that it was tendered does not alter the terms of the original purchase agreement. The agreement itself is silent as to who shall prepare the contract for deed, although it does clearly state that the buyer (plaintiff) shall pay the cost of the preparation of said instru-

ment. Nothing prevented defendants from preparing a contract for deed in a manner that they determined to be in accordance with the original purchase agreement and tendering the same to plaintiff for execution, together with a statement of any cost incurred for preparation of said contract for deed. The trial court correctly points out in its memorandum that had defendants proffered such a contract for deed to plaintiff, they could have brought an action for specific performance to compel him to proceed with the purchase of the property.

Defendants' contention that the tender of a contract for deed not in accordance with the terms of the purchase agreement constitutes an abandonment of the latter contract is equally without merit. Abandonment of a contract is a matter of intent and is to be ascertained from the facts and circumstances surrounding the transaction out of which the abandonment is claimed to have resulted, and it may be implied from the acts of the parties. Ahlstrand v. McPherson, 285 Minn. 398, 401, 173 N. W. 2d 330, 333 (1969). In this case, however, plaintiff proceeded diligently to seek his rights under the purchase agreement. He took steps to arrange financing; he made arrangements to survey the property; he attempted to close the transaction in accordance with the terms of the original purchase agreement; he made an additional payment of $8,200 to defendants which was accepted by them; and, having failed to obtain execution of the purchase agreement, he commenced action for specific performance within 5 months of the date of the original purchase agreement.

Examination of the facts and circumstances in this case not only militates against any intention of abandonment by plaintiff, but rather resoundingly demonstrates that plaintiff intended to compel performance of the contract. Plaintiff having deposited the balance of the purchase price with the clerk of court in accordance with the order for judgment, he is now entitled to receive a warranty deed to the premises in question.

Affirmed.