IN RE APPLICATION OF NATHAN BERMAN TO
REGISTER TITLE TO REAL ESTATE v.
BARRY F. KIEREN AND OTHERS.
DAVID C. KRANTZ AND ANOTHER, APPELLANTS.

247 N. W. 2d 405.

October 8, 1976—No. 46327.

*Howard S. Kleyman* and *Bruce W. Okney,* for appellants.

*Beugen & Iverson, Robert J. Beugen,* and *Steven H. Berndt,* for respondent.

Heard before Kelly, Yetka, and Marsden, JJ., and considered and decided by the court en banc.

KELLY, JUSTICE.

Defendants David C. Krantz and Conrad D. Krantz appeal from an order of the district court registering title to certain property in the name of the applicant, Nathan Berman. We affirm.

This is an action to register title to real estate initially heard before a referee whose report recommending that title be registered in the name of the applicant was upheld by the district court. See, Rule 53, Rules of Civil Procedure. Defendants Krantz do not contest in this court the factual findings of the referee, but only his conclusion that defendants had abandoned their interest under a contract for deed in the subject property. The referee found as follows:

"1. That all the requirements of law with respect to the Application have been complied with and that all of the defendants in this proceeding have been duly served with process as required by law, and that it further appears that no answer, demurrer or notice of appearance has been filed in this proceeding, except the answer of David C. Krantz and Conrad D. Krantz. That except as to said answering defendants, the defendants who have not interposed answers herein, or except as herein otherwise provided, such defendants and each of them are in default and have no right, title, estate, lien or interest in the premises involved in this proceeding, namely:

Lot 14, Block 11, 'F. A. Savage's Portland Ave. Addition to Minneapolis'

"2. That the market value of said premises, exclusive of im-

provements, according to the last official assessment is $3,000.00.

"3. That the premises herein are occupied by Barry F. Kieren and Katherine S. Kieren pursuant to a lease from the applicant for a period of six months which lease contains an option to purchase the premises in favor of said parties.

"4. That the Judgment docketed in this Court's Case No. 672030 in favor of Melvin O. Berger and Margaret Berger against Cedar Holding Company and the Judgment docketed in this Court's Case No. 705365 in favor of Anoka Drafting Design Service, a corporation against Minnesota Contract Corporation, a Minnesota corporation, are not liens upon the within land in that said judgment debtors have no interest in the premises herein.

"5. That the concrete drive claimed by the owner of the adjoining Lot 13 encroaches onto the within land as a matter of right and not as a matter of sufferance.

"6. That by a contract for deed dated December 23, 1959 and recorded August 17, 1970, in Book 70 of Hennepin County Records, page 3841746, entry 207 of the abstract, the applicant and his spouse sold the premises herein to James M. Campion. That the vendee's interest in said contract for deed has been assigned several times and has been owned of record since August 21, 1970 by Conrad D. Krantz and David C. Krantz, the answering defendants, by the assignment recorded in Book 70 of Hennepin County Records, page 3842640, entry 218 of the abstract.

"7. That there is of record a second contract for deed from a mesne assignee of the vendee's interest in the first contract for deed, Book 70 of Hennepin County Records, page 3842037, entry 215 of the abstract. The vendee's interest in said second contract for deed has been assigned through various instruments to Walter A. Loggers, Book 71 of Hennepin County Records, page 3877002, entry 230 of the abstract.

"8. That there is of record a third contract for deed from a mesne assignee of the vendee's interest in the second contract for deed, Book 70 of Hennepin County Records, page 3850712,

entry 224 of the abstract. The vendee's interest in said third contract for deed has been assigned to Minnesota Contractors Corporation, a Minnesota Corporation, Book 73 of Hennepin County Records, page 4013065, entry 233 of the abstract.

"9. That there is of record in Book 74 of Hennepin County Records, page 4084118, entry 237 of the abstract, a notice of cancellation of the first contract for deed together with proofs of service and affidavit of failure to comply with notice. That said notice of cancellation describes Lot 13, Block 11, 'F. A. Savage's Portland Ave. Addition to Minneapolis' rather than the premises herein which are described as Lot 14, Block 11, 'F. A. Savage's Portland Ave. Addition to Minneapolis'; that said notice was served upon Hazel M. Campion as heir and assignee of James M. Campion and Harvey L. Johnson and Dianne J. Johnson, as the occupants of the premises herein, all of said services being made in April, 1974.

"10. That the last payment received by the applicant under said first contract for deed was the payment due January 1, 1974. That said cancellation of contract for deed was brought for the non-payment of the payments due on February 1, March 1, and April 1 of 1974. That subsequent to said January payment, no subsequent payments have been received by the applicant up to the date of this hearing.

"11. That in the first week of June, 1974, the applicant visited the premises herein and found that they were occupied by said Harvey L. Johnson and Dianne J. Johnson, who were in the process of moving out. That the Johnsons were tenants of Minnesota Contractors Corporation, the assignee of the vendee's interest of the third contract for deed hereinabove referred to. That the applicant visited the premises herein again in the first week of July and found that the front door had been removed, that some of the windows were broken, that the house was in an unclean condition and that the grass was approximately one and a half feet high. The applicant then arranged to have said door and windows replaced, the locks changed, the house cleaned up

and the grass cut, the unpaid balance on the water bill paid and listed the property for sale with a real estate company. That the applicant also paid the real estate taxes due in 1974.

"12. That the premises herein have been occupied by said Barry F. Kieren and Katherine S. Kieren as the applicant's tenants since September, 1974.

"13. That by a management agreement, received in evidence as defendants Exhibit 1, said Conrad D. Krantz and David C. Krantz contracted with First Guaranty Corporation, a Minnesota Corporation, to manage their interest as assignees of the vendee's interest of a first contract for deed in the premises herein. That, upon learning that a default had been made in some payments due under said first contract for deed, Timothy Campion, an employee of said First Guaranty Corporation, contacted the applicant on May 6, 1974 and also visited the premises on that date. That the applicant informed Mr. Campion that the cancellation of the first contract for deed had been commenced and that three monthly payments were then due. That subsequently in May, 1974, Martin E. Raskin, then attorney for First Guaranty Corporation, contacted the applicant's attorney regarding the amount in default under said contract for deed. That in a telephone conversation with the applicant's attorney, Robert J. Beugen, no offer of any payment was made, but Mr. Raskin said he would look into the matter and get back in touch with Mr. Beugen. That no further contact was made by Mr. Raskin with Mr. Beugen.

"14. That during July, 1974, Howard S. Kleyman, the current attorney for First Guaranty Corporation, contacted the applicant's attorney relative to the status of said contract for deed and was informed that the registration proceedings herein would be commenced to effect termination of said contract by abandonment. That at no time has a tender of payment or of any part thereof been made to the applicant or his attorney. That on November 18, 1974, an Answer was interposed herein by said David C. Krantz and Conrad D. Krantz.

"15. That the post office address of the applicant is 3911 West 25th Street, Minneapolis, Hennepin County, Minnesota; that he is 61 years of age, is under no disability and is married to Theresa B. Berman."

From these facts, the referee reached two conclusions regarding defendant's interest in the subject property:

"2. That the contract for deed recorded in Book 70 of Hennepin County Records, page 3841746, entry 207 of the abstract, was not validly cancelled by the cancellation proceedings recorded in Book 74 of Hennepin County Records, page 4084118, entry 237 of the abstract, because of [sic] the Notice of Cancellation of said contract (1) was not addressed to Conrad D. Krantz and David C. Krantz, the record owners of the vendee's interest in said contract for deed by the assignment recorded in Book 70 of Hennepin County Records, page 3842640, entry 218 of the abstract, and (2) the Notice of Cancellation of said contract for deed contained the wrong legal description.

"3. That the vendee's interest of said Conrad D. Krantz and David C. Krantz in said contract for deed recorded in Book 70 of Hennepin County Records, page 3841746, has been terminated by abandonment and that consequently the premises herein are also no longer subject to the second and third contracts for deed recorded in Book 70 of Hennepin County Records, pages 3842037 and 3850712, respectively."

These findings and conclusions were adopted by the court.

No one disputes conclusion No. 2, i. e., that defendants' contract for deed interest was not validly terminated pursuant to the procedure in Minn. St. 559.21. Defendants, however, take exception to conclusion No. 3, thereby raising the sole issue presented on appeal: Do the facts found by the referee justify his conclusion that defendants abandoned their interest in the subject property?

While Minn. St. 559.21 specifies a procedure to be followed in terminating a buyer's interest under a contract for deed, fail-

ure to follow that procedure does not prevent termination because of the purchaser's abandonment of his interest in the subject property. Boulevard Plaza Corp. v. Campbell, 254 Minn. 123, 94 N. W. 2d 273 (1959), and cases cited therein. Abandonment is defined as a voluntary relinquishment of an interest by the owner with the intent of terminating his ownership. A finding of abandonment depends upon the intentions of the parties and is not predicated on any single factor, but on all of the facts and circumstances concerning the owner's relationship with the subject property and the seller. The Melco Investment Co. v. Gapp, 259 Minn. 82, 105 N. W. 2d 907 (1960); Rognrud v. Zubert, 282 Minn. 430, 165 N. W. 2d 244 (1969).

Mere failure to pay the purchase price or a short delay in payment or break in communication among the parties does not, absent other circumstances, justify a finding of abandonment. The Melco Investment Co. v. Gapp, *supra*; Rognrud v. Zubert, *supra*. In upholding findings of abandonment, this court has relied on a number of factors, including: (1) Failure to pay on the contract for a long period of time; (2) failure to take or retain possession of the property; (3) failure to pay real estate taxes; and (4) awareness of the seller's intent to terminate the contract for deed interest, coupled with failure to assert any right to the property. Ahlstrand v. McPherson, 285 Minn. 398, 173 N. W. 2d 330 (1969); Stadelmann v. Boothroyd, 170 Minn. 430, 212 N. W. 908 (1927). See, also, Boulevard Plaza Corp. v. Campbell, *supra*. In contrast, no abandonment was found where the vendee failed to tender payment for 4 months, The Melco Investment Co. v. Gapp, *supra*; where there was a 2 3/4 month break in communication between the parties, Rognrud v. Zubert, *supra*; where the vendee proceeded diligently to enforce his rights under the contract, Buresh v. Mullen, 296 Minn. 150, 207 N. W. 2d 279 (1973); and where the vendee remained in possession through an agent until the seller's repudiation, Tarpy v. Nowicki, 286 Minn. 257, 175 N. W. 2d 443 (1970).

In April 1974 applicant attempted to cancel the interests under

the contract for deed executed by James Campion and the applicant and his wife after no payments had been made in February, March, or April of that year. No payment or tender of payment has been made on the contract since January 1974. Defendants did not tender payment in their answer or at any time in this proceeding. Therefore, payment under the contract is now over 2 years in arrears and arrearage continues. Applicant found the premises abandoned and in a poor state of repair in July 1974. He made repairs and subsequently secured a tenant. Applicant paid the real estate taxes in 1974, and his tenants have been in possession since September 1974.

Defendants were aware of the default under the contract as early as May 6, 1974, when one of their representatives (an employee of the corporation defendants had hired to manage their interest in the property) visited the property and contacted applicant. Attorneys for that corporation also contacted applicant in May and July of 1974, but no offers of payment were made nor were further negotiations concerning the property conducted. The property was vacant from June to September 1974, when applicant's tenants began occupancy. Defendants contend that another representative of the corporation visited the premises in June 1974, discovered that no one was in possession, and retained an individual to make repairs, but those repairs were never accomplished.

Two visits and two telephone calls by alleged agents of defendants, without any attempt to negotiate or tender payment, take possession, actually make repairs or in any other way actively assert an interest in the property between the time those agents learned of the default in May and June and the commencement of this action in October 1974 are not sufficient to overcome the referee's conclusion of abandonment. Defendants' failure to actively assert their interest in the subject property, coupled with the long period of arrearage, adequately justifies a conclusion of abandonment.

Affirmed.