Leonard G. **MITTENESS**, et al., Appellants,

v.

Klaren G. **DAHL**, et al., Respondent.

No. C5–83–2048.

Court of Appeals of Minnesota.

July 24, 1984.

686

Roy W. Holmquist, Holmquist, Holmquist & Wilcox, Benson, for appellants.

Richard H. Hilleren, Barnard, Hilleren & Spates, Benson, for respondent.

Considered and decided by WOZNIAK, P.J., and SEDGWICK and LESLIE, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Mitteness appeals from a court decision that denied him specific performance on a contract for deed because he had abandoned the contract. We affirm.

## FACTS

Mitteness acquired an 80-acre parcel of farmland in 1951. In 1963 he mortgaged the land to a bank for $12,000. Financial difficulties set in the next year. To stave off default, he conveyed the property to his father on December 30, 1964, for $12,500. At the same time, a contract for deed was executed between himself and his father permitting him to buy back the land. The contract for deed was for $12,500, then the fair market value of the land. It was payable in annual installments of $300, plus interest at 5½%. The contract also required him to pay real estate taxes for the land.

Mitteness never made cash payments for principal and interest, and he never paid the real estate taxes as required by the contract for deed. He did not improve the land. He farmed the 80 acres through 1975, using his father's equipment and paying his father one-half the 80-acre yield. He claimed that the crop sharing satisfied the principal and interest payments; there was no independent evidence of this.

Since 1965, Mitteness' father paid the property taxes for the 80 acres. In 1965 the father included the 80 acres as security to obtain a $40,000 loan. $12,000 of the loan proceeds were used to satisfy the bank mortgage taken out by Mitteness. In 1976 the father rented the 80 acres to him for $8,000; he actually paid $4,000. In 1977 the father executed a 5-year lease for the 80 acres with a neighbor. The lease was renewed for 5 years in 1981. Mitteness was aware of the lease in 1977, but never asserted rights against the neighbor. He did, however, write a letter to his family expressing an interest to pay up the contract for deed. This offer was rejected.

There was evidence that Mitteness' father wished to deplete his estate by conveying 160 acres of farmland to each of his two sons and 80 acres to each of his two daughters. In 1977 the father deeded a 160-acre parcel, not to Mitteness but to Mitteness' son. At the time of the transfer, there was a substantial judgment outstanding against Mitteness. He and his son had been working this particular 160 acres for some time and he still resides there. In 1978 the 80-acre parcel in question was deeded to Elaine Dahl, Mitteness' sister. Mitteness was aware of this transaction at the time it occurred. The father deeded another 160-acre parcel and 80-acre parcel to Mitteness' other brother and sister respectively.

Early in 1982, Mitteness registered the December 30, 1964, contract for deed and initiated this action. Shortly thereafter, his father died. The land is now valued at $1,000 to $1,100 per acre.

Following a one-day trial without jury, the court found that the transaction between Mitteness and his father was not an equitable mortgage but a contract for deed, and that the contract for deed had been abandoned by Mitteness.

## ISSUES

1. Was the December 30, 1964, transaction between Mitteness and his father a contract for deed or an equitable mortgage?

2. Did the court err in finding that Mitteness had abandoned the contract for deed?

## ANALYSIS

■ 1. Our Supreme Court has comprehensively dealt with the distinctions between contracts for deed and equitable mortgages in *Ministers Life & Cas. Union v. Franklin Park Towers Corp.*, 307 Minn. 134, 138, 239 N.W.2d 207, 210 (1976). Transactions will be classified according to the intent of the parties. Intent may be discerned most especially by reference to documents used for the conveyance, "[t]he fact that the documents and negotiations were not in terms of 'debt', 'security', or 'mortgage' is a strong circumstance indicating that the parties did not have a mortgage in mind." *Id.*

■ In this case, a father and son executed a standard contract for deed form on December 30, 1964. There is no reference contained in it to "debt," "security," or "mortgage." Since the date of the transaction, Mitteness' father acted as owner in fee. He pledged the 80 acres as security, paid the property taxes, leased the land to a third party, and ultimately deeded the land to his daughter. This would be inconsistent with his rights as holder of a mere security interest. Mitteness waited over seventeen years to assert ownership in the 80 acres. There is no direct evidence that the transaction was anything other than an outright conveyance. Under these circumstances, the trial court's finding that the transaction was a contract for deed was not erroneous.

**688**

2. ·Abandonment is the "voluntary relinquishment of an interest by the owner with the intent of terminating his ownership." *Berman v. Kieren*, 310 Minn. 446, 452, 247 N.W.2d 405, 408 (1976). A finding of abandonment depends on the intent of parties with reference to all the facts and circumstances of the matter. Salient factors include failure to make payments under the contract for a long period of time, failure to pay real estate taxes on the property, failure to retain possession of the property, and failure to assert rights to the property. *Id.* In this case, Mitteness could offer no evidence of cash payments for principal and interest since 1964. The court rejected Mitteness' contention that crop sharing was a substitute for principal and interest payments because there was no independent evidence that this was intended by the parties. Even so, crop sharing stopped in 1975, which would indicate that he made no payments for seven years before trial. In *Berman*, the Supreme Court found abandonment where payments were two years in arrears. In *Ahlstrand v. McPherson*, 285 Minn. 398, 173 N.W.2d 330 (1969), the vendee's interest in a contract for deed was abandoned by failure to make payments for thirty-three months and failure to pay real estate taxes on the property.

In the present case, Mitteness has not paid property taxes on the land since 1964. Between 1978 and 1982, he asserted no interest against either the lessee of the 80 acres or against his sister Dahl. This is ample evidence to sustain the court's determination that Mitteness abandoned the contract for deed.

### DECISION

The trial court's findings and conclusions that the transaction between Mitteness and his father was a contract for deed and that Mitteness abandoned his interest in the contract for deed are supported by the record.

We affirm.