John MULVIHILL, et al., Appellants,

v.

Vernon FINSETH, et al., Respondents.

No. C1–86–1199.

Court of Appeals of Minnesota.

Dec. 9, 1986.
Review Denied Jan. 27, 1987.

Mark G. Stephenson, Rochester, for appellants.

Robert R. Benson, Preston, for respondents.

Considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a summary judgment in favor of respondents denying summary judgment to appellants. Appellants contend the trial court erred in granting respondents' motion because (1) genuine issues of material fact exist and (2) respondents are not entitled to summary judgment as a matter of law. We disagree and affirm.

## FACTS

On October 16, 1980, respondents purchased a parcel of land from appellants pursuant to a contract for deed. The contract for deed contained a clause allowing appellants the option of repurchasing a portion of the land. The option clause reads:

> At 11:59 P.M. October 6, 1985, [appellants] or any one of their heirs shall have the option to purchase back [the option property] for the sum of $175,000.00. Said option must be exercised by placing a written notification of election to exercise said option in the United States mail at any time on or before 11:59 P.M. of October 6, 1985, addressed to the last known address of [respondents]. If said option is exercised, [respondents] shall forthwith deliver quit claim deeds to [appellants] relinquishing all claims to said option property and the then outstanding principal balance due under this contract shall be reduced by the sum of $175,-000.00.

Language contained in the contract does not specify which party would be entitled to growing crops if the option were exercised prior to harvest.

On June 25, 1984, appellants served respondents with notice to exercise the repurchase option. Respondents retained physical possession of the option property and planted a corn crop the following spring. Respondents failed to deliver to appellants the quit claim deed as required by the option clause.

Respondents sent appellants a letter on August 31, 1985, stating their intent to relinquish physical possession of the option property on October 6, 1985. On October 3, 1985, appellants sent respondents a letter affirming appellants' right to possession as of 11:59 p.m. on October 6, 1985. The October 3 letter further states that any entry on the land or removal of crops shall be considered a trespass. No mention is made of respondents' failure to deliver quit claim deeds to appellants in the October 3 letter.

Respondents remained on the option property on October 6, 1985 because they had not finished harvesting their corn crop. Appellants appeared on October 7, 1985 carrying barricades and "No Trespass" signs. Appellants then ordered respondents off the option property. Respondents left the property voluntarily, claiming they did so only to avoid a breach of the peace. Respondents claim they informed appellants of their intent to return to the property and complete their harvesting. However, appellants claim respondents left voluntarily and made no mention of returning. Appellants posted the "No Trespass" signs and barricaded all points of access to the property once respondents left.

On or about October 9, 1985, respondents returned to the option property to finish harvesting the corn. On October 10, 1985, after respondents had finished harvesting, appellants served respondents with an order temporarily restraining them from harvesting crops on the option property. Appellants then brought an action against respondents seeking treble damages on a theory of trespass. Appellants estimate the value of the crops harvested on October 9 and 10, 1985, at $20,000.

Both parties moved the trial court for summary judgment. The trial court denied appellants' motion and granted respondents summary judgment. In its order, the trial court concluded that as a matter of law, respondents were in possession of the option property at the time of harvest and were entitled to the crop. The trial court further concluded that no genuine issue of material fact existed which, if resolved in appellants' favor, would establish that respondents abandoned the option property on October 7, 1985.

## ISSUE

Did the trial court err in granting respondents' summary judgment motion and denying appellants' summary judgment motion?

## ANALYSIS

1. Summary judgment may be granted when it appears there is no genuine issue of material fact and either party is entitled to judgment as a matter of law. Minn.R. Civ.P. 56.03. In reviewing a summary judgment, this court must examine the evidence in a light most favorable to the non-moving party, keeping in mind that the moving party has the burden of proof. *Peoples State Bank of Plainview v. Muir*, 386 N.W.2d 321, 323 (Minn.Ct.App.1986) (citing *Sauter v. Sauter*, 244 Minn. 482, 484–85, 70 N.W.2d 351, 353 (1955)), *pet. for rev. denied* (Minn. June 30, 1986).

2. Appellants contend respondents are not entitled to summary judgment as a matter of law because they did not have possession of the property when the crops were planted. We must decide whether the trial court correctly ruled that respondents, as a matter of law, were in possession of the option property at the time of harvest.

Neither the contract for deed nor the option clause specifically states which party would be entitled to growing crops if the option were exercised. Thus, ownership of the crops depends upon which party had possession of the option property at the time of harvest. According to the trial court, respondents were in possession of the property at the time of harvest.

■ Absent contractual provisions to the contrary, a party asserting superior rights of possession can only dispossess another so as to deprive them of crops growing on the land by bringing an unlawful detainer action or other judicial alternative. *Crain*

*v. Baumgartner,* 192 Minn. 426, 430, 256 N.W. 671, 673 (1934). In *Crain,* the court further stated that:

> Without exception it has been held that an owner of land obtaining possession either by means of legal process or by other means is entitled to whatever crops are at the time growing on the land. And no distinction is made in such cases between disseisors and mere trespassers.

*Id.* at 431, 256 N.W. at 673 (quoting *Roehrs v. Thompson,* 185 Minn. 154, 159, 240 N.W. 111, 113 (1932)).

■ Appellants did not commence judicial action to remove respondents until after respondents had harvested the corn. Therefore, under *Crain,* respondents are entitled to the crop. *Cf. Gallager v. Nelson,* 383 N.W.2d 424, 425 (Minn.Ct.App. 1986) ("[o]ne who wrongfully possesses land is entitled to crops grown thereon if they are harvested before the person loses possession"). However, before respondents can claim ownership rights to the corn crop, it must be shown that respondents planted and harvested the crop while their possession was peaceable. *Schuchard v. St. Anthony & Dakota Elevator Co.,* 176 Minn. 37, 43, 222 N.W. 292, 294 (1928).

■ The facts show respondents planted and harvested the crop while their possession was peaceable. Appellants notified respondents of their decision to exercise the option on October 3, 1984. Since appellants' right to possession would not take effect until October 6, 1985, respondents had one year to treat the option property as their own. Respondents' year ran from fall to fall, providing respondents with opportunity to plant and harvest a crop before turning possession over to appellants.

Respondents' peaceable possession is unaffected by the fact that harvest was not completed until October 10, 1985, four days after the option clause granted appellants possession rights. The option clause requires respondents to provide appellants with quit claim deeds once notice to exercise the option is received. The quit claim deed served to relinquish all of respon-

dents' claims on the property. When respondents failed to deliver the quit claim deeds, they were in breach of contract. At this point, appellants should have followed the proper judicial and statutory procedures for breach of a contract for deed. The contract for deed states:

> Further, after service of notice and failure to remove, within the period allowed by law, the default therein specified, [respondents] hereby specifically agree, upon demand of [appellants], quietly and peaceably to surrender to them possession of said premises, and every part thereof, it being understood that until such default, [respondents] are to have possession of said premises.

Until respondents received proper notice of their default, starting the time limit for them to quit the property, respondents remained in possession of the property. In order to dispossess respondents, appellants needed to institute judicial action prior to the time respondents finished harvesting. The self-help measures of signs and barricades did not satisfactorily dispossess respondents of the land. Because respondents were in peaceful possession of the land at the time of harvest, they are entitled to summary judgment as a matter of law.

3. Appellants further contend respondents were not in possession on October 9 and 10, 1985, because they abandoned the land, and summary judgment in respondents' favor was improper. A determination of whether there is an absence of a genuine issue of material fact requires a careful scrutiny of the pleadings, deposition, admissions, and affidavits. *Sauter,* 244 Minn. at 485, 70 N.W.2d at 353. Such scrutiny supports the trial court's conclusion that no genuine issue of material fact exists with respect to abandonment by respondents.

■ Abandonment is the "voluntary relinquishment of an interest by the owner with the intent of terminating his ownership." *Berman v. Kieren,* 310 Minn. 446, 452, 247 N.W.2d 405, 408 (1976). A finding

of abandonment depends upon the facts and circumstances of the matter. Indicative factors of abandonment include failure to make payments for a long period of time, failure to pay taxes, failure to retain possession and failure to assert rights in the property. *Mitteness v. Dahl*, 351 N.W.2d 685, 688 (Minn.Ct.App.1984).

 Examining the facts in a light most favorable to appellants shows there is no genuine issue of material fact on whether respondents abandoned the property on October 7, 1985. Appellants' entrance on the land, armed with barricades and signs, forced respondents to quit the land involuntarily. Prior to appellants' forceful entry, respondents had planted and partially harvested a corn crop. Furthermore, respondents returned to the land less than 48 hours later to complete harvesting. It is inconceivable that one would plant a crop, partially harvest it, and then abandon it.

## DECISION

The trial court correctly granted respondents summary judgment and denied appellants' motion.

Affirmed.